[Civ. No. 4005. Third Appellate District.—February 10, 1931.]

ANDREW J. FIRKINS, Appellant, v. ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD. (a Corporation), Respondent.

Nat Brown and Chas. H. Epperson for Appellant.

Len H. Honey, J. Hampton Hoge and A. Dal Thomson for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment entered against the plaintiff upon sustaining a demurrer to the amended complaint and denying leave to amend.

The complaint alleges that Mr. and Mrs. A. Delmuto were insured by the defendant insurance company against damages accruing on account of an accident in the operation of their Durant automobile. The insurance policy which was issued in the name of A. Delmuto, is attached to the complaint as an exhibit. It is further recited that upon application for this insurance policy the owners of the machine told the representative of the defendant that "neither of them drove . . . said automobile, but that said automobile would be driven by Leo Delmuto, their son . . . (who) was of the age of fourteen years, and that they desired the policy so written as to cover the driving of said automobile by said fourteen year old minor"; that the usual form of a policy was thereupon issued including the following clause, "This policy shall not cover in respect of any automobile, . . . while driven or manipulated by any person under the age fixed by law, or under sixteen years of age in any event." To this policy there was attached, as a part thereof, an amendment or rider containing the following provision: "The policy to which this endorsement is attached is hereby *extended* to apply to any person . . . legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured, or if the named assured is (an) individual, with the permission of an adult member of the named assured's household. . . . "

It is then alleged that this plaintiff subsequently recovered a judgment for $3,409 against Mrs. A. Delmuto, as damages resulting from a collision with the Durant machine belonging to Mr. and Mrs. A. Delmuto, while it was being operated by their minor son Leo; that said judgment is in

full force, no part thereof having been satisfied; that A. Delmuto is dead and his said widow is insolvent and unable to pay said judgment. The complaint then prays for judgment against the defendant as a surety. A demurrer to the amended complaint on the ground that it fails to state facts sufficient to constitute a cause of action was sustained denying leave to amend. From this judgment the plaintiff has appealed.

The demurrer was erroneously sustained. Under the provisions of the insurance policy it seems clear that the surety company is liable for damages accruing from an accident incurred with the insured automobile while it is operated by ''any person . . . with the permission of an adult member of the named assured's household''. It is not denied that Mrs. A. Delmuto was the wife of the assured named in the policy, nor that she was an adult member of his household. It is not denied that the minor son, Leo, was driving the automobile with her permission. These facts are conceded.

The respondent, however, contends that the rider which contains the preceding clause must be construed and reconciled with the clause in the body of the policy which provides: ''This policy shall not cover . . . any automobile . . . while driven . . . by any person . . . under sixteen years of age.''

It is true that the provisions of a rider which is attached as a part of an insurance policy should be construed and reconciled with all the provisions of the instrument with respect to the same subject matter so as to carry out the intentions of the contracting parties thereto. (*Burr* v. *Western States Life Ins. Co.,* 211 Cal. 568 [296 Pac. 273]; 2 Cooley's Briefs on Ins., 2d ed., p. 1011; *Old Colony Life Ins. Co.* v. *Hickman,* 315 Ill. 304 [146 N. E. 132]; *Aetna Ins. Co.* v. *Sacramento-Stockton S. S. Co.,* 273 Fed. 55, 58; 32 C. J. 1159, sec. 270; 14 R. C. L. 934, sec. 107.)

The respondent argues that the evident purpose of the clause in the policy with respect to the age of the chauffeur was to limit the liability of the insurance company to accidents occurring while the machine was being operated by one who was sixteen years, or more, of age, and that the surety company was not liable when the machine was being operated in violation of law.

At the time of the accident which resulted in the judgment against Mrs. Delmuto, the insured car was not being

operated by a chauffeur contrary to law. It is alleged in the complaint in this case that an "operator's license numbered 108835 was issued to one Leo Delmuto by the Motor Vehicle Department of the State of California . . . ", that the "application for said license was signed by A. Delmuto and Mrs. A. Delmuto, father and mother respectively of said Leo Delmuto". The signing of this application by Mrs. Delmuto made her equally responsible with her husband for damages caused by the car while it was driven by their said son. She authorized him to drive the car.

There appears to be no difficulty in reconciling the language of the policy with that of the rider on the subject of liability on account of the age of the chauffeur. It may be reasonably construed to mean that the surety company shall not be liable upon the policy "while [the machine was] driven or manipulated by any person . . . under sixteen years of age" unless such minor was operating the car "with the permission of an adult member of the named assured's household", in which event the company is liable. To construe the language of this instrument otherwise would defeat the apparent intent of the parties and render the quoted language of the rider valueless. We have no doubt the foregoing interpretation of the insurance policy is in accordance with the intention of the parties and that the defendant is not exempt from liability for an accident which occurred while the fourteen year old son of Mr. and Mrs. Delmuto was driving the car.

Since the rider was attached to the policy to extend the liability of the company to cover "any person . . . legally responsible for the operation" of the insured car, and Mrs. Delmuto was personally responsible for the damages since she had authorized the issuing of an operator's license to her son and thereby assumed the liability, and a judgment had been regularly procured against her for the amount of such damages, under the terms of the insurance policy the judgment creditor may maintain this action against the policy for the satisfaction of the judgment. The insurance company was originally liable for this damage under the terms of the policy.

The demurrer was therefore erroneously sustained. The judgment is reversed and the trial court is directed to overrule the demurrer and permit the defendant to answer.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1931.