[Civ. No. 7522. First Appellate District, Division Two.—March 20, 1931.]

VIRGINIA SWIFT, Respondent, v. ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED (a Corporation), Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Jerome H. Bayer and George N. Crocker for Respondent.

NOURSE, P. J.—Plaintiff sued upon a policy of insurance providing indemnity in the operation of a certain automobile. The cause was tried by the court without a jury. Plaintiff had judgment and defendant has appealed on typewritten transcripts.

While the automobile was being driven by plaintiff's minor son a collision occurred. Suit was commenced against plaintiff for damages. The matter was settled and judgment was by consent entered against plaintiff for $1887. Plaintiff then sued defendant on her policy for this sum and obtained judgment in that amount.

The policy undertook to indemnify the plaintiff against loss from the liability imposed by law respecting bodily injuries "by any person or persons (except those persons referred to in the proviso entitled 'Exclusions') as a result of the ownership, maintenance or use of" the automobile. The paragraph entitled "Exclusions" provided that the policy should not cover in respect to an automobile while driven by any person under sixteeen years of age, or by any person under the age fixed by law, or while driven in any race or speed test, or elsewhere than within the limits of the United States and Canada. A rider was attached to the policy entitled "Omnibus Coverage Endorsement" and reading: "The policy . . . *is hereby extended* to apply to *any person* or persons . . . while riding in or *legally operating* any of the automobiles . . . and any person . . . legally responsible for the operation thereof. . . . This endorsement is issued subject to all the provisos, conditions

and warranties contained in the policy . . . *if not inconsistent herewith."* (Italics ours.)

■ The single question of law involved on this appeal is whether this omnibus coverage rider supersedes the proviso in the body of the policy to the effect that the policy should not cover when the car was operated by one under sixteen years of age. In deciding a question of this character the courts will always seek to find the intention of the parties. The trial court found and ruled that this proviso was superseded by the omnibus clause, and we are satisfied that this judgment should be affirmed.

In the original printed form of the policy the company agreed to indemnify the assured against damages suffered by any person or persons (except those persons mentioned in the proviso) as a result of the operation of the car. There was no limitation upon the right of the assured to permit another to operate the car, but there was an uncertainty in the policy as to the liability of the company for damages resulting while another operated the car with the owner's consent. The "persons" excepted from the policy by the proviso are those suffering injury through the operation of the car by one under legal age, by one under sixteen years of age, and by one engaged in a race or traveling outside the limits of the United States and Canada. By the terms of the rider the coverage of the policy was *extended* to apply to *any person* or *persons* legally operating the car with the consent of the assured. The rider is designated as "Omnibus coverage endorsement" and must be interpreted as a special provision of the policy relating to the subject of coverage of persons. When, by the express terms of the rider, it is declared to be a substitute for any inconsistent provision in the body of the policy it would seem that the intention of the parties was to treat the rider as extending the coverage to "any person or persons . . . legally operating the car" with the consent of the assured, leaving the matter of the age of the operator to be determined by the laws of the state or political subdivision where the car was operated.

■ The only rules of law involved in the appeal are that the rider must be read with every clause of the policy as if it were set forth in the body of the policy (*Burr* v. *Western States Life Ins. Co.*, 211 Cal. 568 [296 Pac. 273])

that when it is expressly stated in the rider that it is substituted for inconsistent provisions of the body of the policy, the rider will control (30 Cor. Jur., pp. 1159, 1160), and that, when there is any ambiguity in the policy caused by the insurer, the policy will be given an interpretation most favorable to the assured. (*Maryland C. Co.* v. *Industrial Acc. Com.*, 178 Cal. 491, 494 [173 Pac. 993]; 14 Cal. Jur., p. 443, sec. 24.)

Here the policy seems to have been written with the design to make it ambiguous because, if the omnibus coverage indorsement contained in the rider was not intended to be "omnibus" in the matter of coverage, but was intended to be controlled by inconsistent exceptions in the body of the policy, it would have been a simple matter to have so declared that intention in the rider. If, therefore, we have misjudged the intention of the parties in the interpretation we have placed upon the contract, the respondent is nevertheless entitled to that interpretation under the rule stated in the section in California Jurisprudence cited above.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1931.