[Civ. No. 959. Fourth Appellate District.—October 27, 1932.]

M. L. SLY, Respondent, v. AMERICAN INDEMNITY COMPANY OF GALVESTON, TEXAS (a Corporation), Appellant.

Knight & Reynolds for Appellant.

Alfred T. Roark for Respondent.

JENNINGS, J.—Plaintiff instituted an action to recover damages for personal injuries sustained by her in an automobile accident. In this action she secured a judgment against E. A. Krause, the insured in a policy of insurance issued by defendant. The defendant conducted the defense of its insured in the action. Upon the return of the writ of execution unsatisfied, plaintiff brought this suit against the insurer to enforce collection of the judgment theretofore obtained by her. Upon the conclusion of the trial the court rendered judgment in plaintiff's favor. From the judgment thus rendered defendant prosecutes this appeal.

It is the contention of appellant that it is not liable under the terms of the insurance policy by virtue of which respondent was permitted to recover for the reason that, prior to the happening of the accident in which respondent suffered the injuries of which she complains, the insured had transferred whatever interest he had in the insured automobile and had surrendered possession of the automobile to his vendee who at the time of the accident was operating it.

Facts material to the appeal as disclosed by the record are as follows: On December 20, 1929, E. A. Krause executed a conditional sales contract with the J. R. Townsend Company, Inc., of San Diego, whereby he agreed to purchase from said company a certain automobile and to pay therefor the sum of $833.78. Of this amount the sum of $160 was paid on execution of the contract and the balance of $673.78 was to be paid in monthly installments. It was agreed that legal title should remain in the seller pending payment of the entire purchase price. The buyer was given possession of the automobile. On this same date appellant issued a policy of insurance whereby it insured J. R. Townsend Company, Inc., and E. A. Krause for the term of one year against loss from certain enumerated perils. One of these perils is legal liability imposed by law upon the assured for damages on account of bodily injuries caused by the ownership,

maintenance or operation of the auto, accidentally suffered or alleged to have been suffered during the life of the policy by any person. On January 7, 1930, E. A. Krause secured from the Department of Public Works, Division of Motor Vehicles of California, a certificate of registration showing J. R. Townsend Company, Inc., to be the legal owner and E. A. Krause the registered owner of said automobile. In the month of January, 1930, certain negotiations were had between E. A. Krause and one Floyd J. Mills regarding the exchange by Krause of his equity in the automobile for a motorcycle which was the property of Mills. During the progress of these negotiations the matter of having the automobile re-registered in Mills' name was discussed, but inquiry in regard to this matter at the office of the Townsend Company developed the information that such action would require the payment of an additional fee and it was therefore abandoned. However, on January 30, 1930, Krause and Mills met at the place of business of a dealer in motorcycles in the city of San Diego and informed the dealer that they proposed to make the exchange and at the same time Krause turned over to the motorcycle dealer the Mills motorcycle, as initial payment on another motorcycle and signed a conditional sale agreement whereby he agreed to purchase the second motorcycle for a specified price. Upon the conclusion of this transaction, Mills drove away in the automobile and thereafter retained possession of it. The accident in which respondent was injured occurred on February 9, 1930, at which time Mills was operating the automobile.

The provision in the insurance policy upon which appellant particularly relies is the following: "Title and Ownership. Except as to any lien, mortgage, or other encumbrance specifically set forth and described in paragraph D–6 of this policy, this entire policy shall be void, unless otherwise provided by agreement in writing, added hereto, if the interest of the Assured in the subject of this insurance be or become other than unconditional and sole lawful ownership, or if the subject of this insurance has ever been stolen or unlawfully taken prior to the issuance of this policy and not returned to the lawful owner prior to the issuance of this policy, or in case of transfer or termination of the interest of the Assured other than by death of the

Assured, or in case of any change in the nature of the insurable interest of the assured in the property described herein either by sale or otherwise, or if this policy or any part thereof shall be assigned before loss.''

█ It is urged that the evidence presented to the trial court established that, prior to the occurrence of the accident, Krause, the insured, had transferred whatever interest he had in the automobile and thereby, in accordance with the terms of the above-quoted provision, the policy had become void and the insurance was not in effect at the time of the accident.

In analyzing the evidence upon which appellant relies as establishing its contention that its insured had, prior to the accident, transferred to another person whatever interest he had in the insured automobile, it must, first of all, be observed that it is not free from conflict upon the point as to whether Krause and Mills had actually agreed upon an exchange. During the trial Krause was called as a witness by both respondent and appellant. He was first called by respondent and, upon being asked whether he had transferred or sold the automobile subsequent to his execution of the conditional sale agreement with the Townsend Company, replied that he had not sold or transferred it to anyone and that, so far as he knew, he had possession of it on the date of the accident. This witness also testified that two days prior to the date of the accident he told Mills that since the Townsend Company would not cancel the contract he had entered into with them he would take the car back and would lend it to Mills to make the trip to Corona, during which trip the accident occurred. However, this witness also testified that he and Mills talked of making the exchange during the early part of January, 1930; that for some time prior to January 30, 1930, he used the motorcycle and Mills drove the automobile; that on January 30, 1930, he met Mills at the place of business of the motorcycle dealer and told the dealer and another person who was there present that he had made a trade and that he was to take the motorcycle and Mills the automobile; that he then signed an agreement to purchase another motorcycle for an agreed price and as initial payment thereon turned over to the dealer the Mills motorcycle; that, after this transaction was concluded, Mills

drove away in the automobile. From the above *résumé* of the testimony of this witness it appears that there was some evidence that the insured had not, prior to the date of the accident, made a transfer of his interest in the automobile and that therefore the court's finding that the insured had not sold and delivered the automobile to Mills is not entirely lacking in evidentiary support. This statement is made without taking into consideration the effect of noncompliance with the provisions of section 45, subdivision (e) of the California Vehicle Act. The language of this section is as follows: "Until said division shall have issued said new certificate of registration and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

This section appears to furnish an additional reason for sustaining the court's finding that no transfer of interest took place, since it is undisputed that no new certificate of registration was applied for or issued prior to the date of the accident and therefore under the plain language of the section the intended transfer must be deemed to be incomplete and not valid or effective for any purpose. Appellant contends, however, that the exchange actually took place, possession of the automobile was surrendered to Mills, Krause not only took possession of the motorcycle but dealt with it as his own and with the full consent and permission of Mills turned it over to the motorcycle dealer as the initial payment on the purchase price of another motorcycle. It is then urged by appellant that, although the hereinabove-quoted section of the California Vehicle Act rendered transfer of the legal title impossible by reason of noncompliance therewith, nevertheless, transfer of an equitable interest was consummated and Mills became the equitable owner of whatever interest Krause, the insured, had in the insured automobile. To sustain the argument thus advanced, appellant cites a number of decisions wherein purchasers of motor vehicles in possession of such vehicles have been permitted to recover in actions of conversion or claim and delivery although such purchasers had not complied with statutory provisions requiring re-registration and the is-

suance of a new certificate of registration. It is to be observed that the decisions thus relied upon are cases wherein possessory actions were instituted by persons rightfully in possession and entitled to possession. Nevertheless, it must be conceded that their effect is to modify appreciably the very broad and plain language, hereinabove quoted, of section 45 of the California Vehicle Act. However, the question of whether there was a transfer of interest in the insured automobile was, in the final analysis, a pure question of fact and, considering the equivocal circumstances presented by the testimony, we cannot say that the inference drawn by the court that it was not the intention to transfer the interest of the insured in the automobile was not reasonably supported. (*Kinneberg* v. *Firemen's Ins. Co.*, 65 Cal. App. 107 [223 Pac. 81]; *Bennett* v. *Northwestern Nat. Ins. Co.*, 84 Cal. App. 130 [257 Pac. 586].)

Finally, even if it be conceded that the evidence showed that Krause, the insured, did intend to transfer his interest in the automobile to Mills in exchange for the motorcycle owned by Mills and that therefore the court's finding that no transfer of interest occurred entirely lacks evidentiary support, it does not follow that the judgment should be reversed. Appellant stands upon the language of its contract of insurance and insists upon a strict construction of such language. The reasoning underlying appellant's position may be summarized as follows: The contract of insurance expressly provides that all rights thereunder are strictly personal to the assured named in the policy and the policy shall immediately terminate if any change of interest of the assured takes place. Change of interest increases the risk. Therefore, the insurer who has contracted to indemnify a certain individual against loss occurring through the operation of the automobile by this individual is entitled to stand strictly upon the language of its contract and to insist that any change of interest by its assured shall render the policy void. The essential and important factor of this reasoning rests in the contention that change of interest increases the risk. Increase in risk is produced by the operation of the automobile by some person other than the assured whom the insurer has contracted to protect against loss. With respect to injuries sustained by some third person through the

negligent operation of the automobile the insurer and insured have contracted having in mind the possibility that such third person may sustain injuries. In this respect, therefore, the contract of insurance is for the benefit of such third person. This third person, when he has sustained injuries, although, after he has obtained a judgment against the assured, he stands in the position of the assured and can recover from the insurer only if the terms of the policy permit recovery, is entitled to insist upon having the policy construed most strictly against the insurer. In an action by such person against the insurer violation by the assured of some condition in the policy is a valid defense only when it appears that by reason of such violation the insurer was substantially prejudiced. (*Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 Pac. (2d) 999].) In the present action the insurer was not prejudiced by the attempted transfer of interest in the automobile by the insured. It is true that possession of the automobile was transferred to Mills, who was operating the machine at the time respondent was injured. But it is expressly stated in the policy of insurance that insurance provided by the liability peril clause is so extended as to be available to any person lawfully operating the insured automobile provided such operation is with the permission of the assured named in the policy. There can be no doubt that the operation of the automobile at the time respondent was injured was with the permission of the assured. It is therefore apparent that no increase in risk to appellant occurred by reason of the attempted transfer of interest in the automobile by its insured. Under the circumstances herein appearing the condition providing that the policy should become void upon any change of interest of the assured in the automobile was not material to the risk and a violation by the assured of such condition does not constitute a valid defense to the action. (*Kuntz* v. *Spence,* —— Tex. ——, 48 S. W. (2d) 413.)

For the reasons stated, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.