[Civ. No. 5153.  Third Appellate District.—November 7, 1934.]

ARTHUR BUNCH et al., Appellants, v. J. G. KIN, Defendant; J. E. VOTAW, Respondent.

Nat Brown, J. A. Metzler, Jr., and Scott Rex for Appellants.

James W. Hughes for Respondent.

PULLEN, P. J.—This is an action brought by plaintiffs against defendants for personal injuries sustained as a result of the negligent operation of an automobile driven by Kin, and which, according to the findings, was owned by J. E. Votaw, who had, some six months prior to the accident transferred the car in question to J. G. Kin by an oral conditional sale. According to the terms of the agreement, title to the automobile was not to pass from Votaw to Kin until the full purchase price had been paid, which condition had not been fulfilled at the time of trial. Permission had, however, been given to Kin by Votaw to operate the car, and Kin was operating the car under the terms of the agreement at the time of the accident. The court further found that neither defendant had, prior to the accident, given any notice to the division of motor

vehicles of any transfer or sale of the car, nor had any attempt been made to comply with the terms of section 45 and section 45¾ of the California Vehicle Act.

The trial court entered judgment in favor of defendant Votaw and against plaintiffs, and from the order denying a motion to vacate the judgment and from the judgment itself, this appeal is taken.

█ The rights of the parties hereto depend upon the meaning of section 1714¼ of the Civil Code, enacted in 1928, and section 45¾ of the California Vehicle Act, which was added to that act in 1931. That portion of section 1714¼ here pertinent is as follows:

"Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner. . . . If a motor vehicle be sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee, or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee shall retake possession of such motor vehicle."

Section 45¾ of the California Vehicle Act reads:

"Whenever the owner of a motor vehicle registered under this act shall sell or transfer his interest in and the possession of said motor vehicle to another, said owner shall immediately notify the Division of Motor Vehicles of such sale or transfer, giving the date of same, the names and addresses of such owner and of the transferee, and such description of the vehicle as may be called for in any official form provided for such purpose by the division; provided however, that in the event said notice be given, or in the event of failure to give said notice, an owner who has made a *bona fide* sale or transfer of such motor vehicle and delivered possession thereof to a purchaser and who has made proper endorsement and delivery of the certificate of ownership as provided in this act, shall not by reason of any of the provisions of this act be deemed the owner of such motor vehicle so as to be subject to liability under the

provisions of section 1714¼ of the Civil Code of this State.''

Section 153 of the California Vehicle Act makes a violation of· any of the provisions of section 45¾ a misdemeanor.

Section 45¾ deals with the registration of motor vehicles. The object and importance of such registration is declared in the case of *Parke* v. *Franciscus*, 194 Cal. 284 [228 Pac. 435], wherein it is said:

''The nature of motor vehicle traffic requires that there be a more certain *indicia* of ownership than mere possession for the protection of the general public in case of accidents or violation of the law and to prevent fraud upon innocent purchasers. In order to effectuate this purpose registration and identification of motor vehicles is required. The 'legal owner' and the 'registered owner' upon the face of the certificate identify the vehicle. Upon the sale and transfer of 'ownership' in a vehicle already registered the act requires the transferor and transferee to enter into· a joint statement of the transfer endorsed upon the reverse side of the certificate of registration. It is also provided that the legal owner sign such statement which shall be forwarded to the department and upon the payment of a fee the vehicle shall be registered in the name of the transferee. This provision is evidently for the purpose of identifying the vehicle in the hands of the transferees. The state is concerned in the identity and ownership of cars operated upon the public highways.''

It is obvious that the purpose of the legislature in enacting section 45¾ of the California Vehicle Act was to provide the· means whereby it could be readily ascertained who the owner might be. To admit evidence of oral conditional transfers of title of motor vehicles would make the ascertainment of that fact a difficult matter at least, susceptible of confusion and concealment.

It is the contention of respondent that section 45¾ of the California Vehicle Act does not refer to conditional sellers but to unconditional sellers only, and in support of his analysis of the section relies largely upon the use of the words ''certificate of ownership'' in the proviso thereto. Respondent claims that only an unconditional seller would deliver the certificate of ownership, whereas the conditional seller would retain such *indicia* of ownership until payment

in full. Respondent also refers to the language of section 1714¼ of the Civil Code, which he claims excludes conditional sellers from the operation of the section, and cites *Swing* v. *Lingo,* 129 Cal. App. 518 [19 Pac. (2d) 56, 59], to the effect that section 1714¼ being penal in its nature, should receive a consideration that would exclude from liability those not definitely coming within the provisions of the act. Having in mind the legislative purpose, however, as we gather such purpose to be, the construction contended for by respondent is too restricted.

It is apparent from an examination of section 45¾ of the California Vehicle Act that it applies to every sale or transfer, both conditional and absolute. Neither can the use of the words "certificate of ownership" without referring to "certificate of registration" have the effect upon the construction which respondent desires here to apply. It must be recalled that a certificate of registration is not evidence of ownership or title; it has no value as such; it is merely a means of identification. Its use, therefore, would not be logical in the sections cited, which is considering ownership and not mere identification. It may be true that in section 45¾ of the California Vehicle Act two methods are provided whereby a vendor in an absolute sale may escape liability under section 1714¼ of the Civil Code, namely: by the giving notice to the division of motor vehicles, and by the indorsement and delivery of the certificate of ownership, while only one method is available to a conditional vendor, that is, the giving of the required notice. Yet this limitation arises not from the failure of the legislature to make other provisions but from the very nature of a conditional sale, which prevents the use of any other means than the giving of notice by the vendor, without destroying the effectiveness of the conditional sale.

▮ Section 1714¼ of the Civil Code places liability for negligence of the operator of a motor vehicle upon the owner whose car is being operated with his permission, the word "owner" therein referring to "registered owner". Section 1714¼ of the Civil Code, however, exempts from such liability those who are "legal owners". Those liable, therefore, are the registered owners, who have not by compliance with section 45¾ of the California Vehicle Act removed themselves from such classification. It is clear, therefore,

that the words "whereby the title remains in the vendor" in section 1714¼ of the Civil Code refer to one who, by compliance with the California Vehicle Act, has retained the bare legal title and passed the registered ownership to another.

Respondent also claims that no liability attaches to him under section 1714¼ of the Civil Code because it does not appear that Kin was operating the car with the permission, express or implied, of such owner. The findings of the court upon this question are that the defendant Kin "operated the said Chevrolet automobile under the terms of said agreement." One of the distinct features of a conditional sales agreement is that title is retained by the seller as security for the payment of the purchase price, and that possession of the property is delivered to the buyer who is entitled to possession and use of the goods until default in payment.

As conditional vendee in possession, Kin "had the right to use the car in the way in which such property is customarily used, and for all reasonable purposes". (*Pacific States Finance Corp. v. Freitas*, 113 Cal. App. (Supp.) 757 [295 Pac. 804].) Respondent, therefore, by the very nature of his agreement gave Kin permission to use the car for any purpose for which it was suitable or fit to be used, which permission was irrevocable so long as respondent did not reclaim possession of the car because of some breach of the terms of the agreement by Kin. Having in mind, therefore, that the evident purpose of the legislature was that a public record of the evidence of ownership of automobiles used on the public highways was to be kept, not merely for revenue purposes alone, but for the protection of persons who may be injured by the negligent use thereof, the registration of such vehicles is required. In furtherance of this object and to eliminate disputes as to the liability of an owner, the legislature in 1929 enacted section 1714¼ of the Civil Code, fixing a limited liability on every owner of a motor vehicle operated with his permission, express or implied, subject to an exception in favor of conditional sale vendors and chattel mortgagors. In order to protect a vendor, the legislature in 1931 enacted section 45¾ of the California Vehicle Act, which provides that the owner may relieve himself from liability either by notifying the depart-

ment of motor vehicles of the sale, or by indorsement and delivery of the certificate of ownership to the purchaser. In the case of a conditional sale, as is the case at bar, the seller in order to escape liability as owner, had first either to give notice of the sale to the division of motor vehicles under section 45¾ of the California Vehicle Act, or to see that the requirements of section 45 of the same act were complied with, namely: That a new certificate of ownership be issued in which he is named as legal owner. Until one or the other of these things was done the former owner, so far as liability to a third person is concerned, continued to be the owner.

It is therefore the order of this court that the judgment and order appealed from be reversed, and that judgment be entered against respondent J. E. Votaw in the same amount that was rendered against defendant J. G. Kin.

Plummer, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 7, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1935.

Preston, J., and Langdon, J., voted for a hearing.