[Sac. No. 5143. In Bank.—January 8, 1940.]

**J. E. VOTAW, Respondent, v. FARMERS AUTOMOBILE INTER-INSURANCE EXCHANGE et al., Appellants.**

James W. Hughes and J. Joseph Sullivan for Appellants.

Lasher B. Gallagher, W. H. Stammer, Galen McKnight, Morgan J. Doyle, J. Joseph Sullivan, Bronson, Bronson & McKinnon, Finlayson, Bennett & Morrow and Henry L. Knoop, as *Amici Curiae*, on Behalf of Appellants.

J. Calvert Snyder, Ralph McGee, Harold Raines and T. P. Wittschen for Respondent.

SHENK, J.—The defendants have appealed from an adverse judgment in an action on an insurance policy.

The plaintiff, as the owner of an automobile, was insured against so-called public liability by a policy issued February 6, 1931. The defendant insurance companies were the insurers. After the policy was issued the plaintiff sold the automobile to one Kin on an oral contract of conditional sale under which Kin paid a portion of the purchase price and received possession of the car. The plaintiff retained both the certificate of ownership and the certificate of registration which had been issued to him pursuant to the California Vehicle Act. (Stats. 1923, p. 517, as amended.) Neither the plaintiff nor Kin made a report of the sale to the department of motor vehicles, as required by the statute. Such was the status of the several parties on June 3, 1933, when the automobile, in the possession of and being operated by Kin, caused personal injuries to one Bunch, who·sued the plaintiff and Kin for damages for alleged negligent operation of the car. Judgment was rendered against Kin in the sum of $4,341.27 and in favor of Mr. Votaw. On appeal by the plaintiff therein Mr. Votaw was held to be equally liable in that amount on the ground that no notice of the sale had been given as required by law and that Mr. Votaw continued to be liable for injuries to a third person under the provisions of section 1714¼ of the Civil Code. Judgment was directed accordingly. (*Bunch* v. *Kin*, 2 Cal. App. (2d) 81 [37 Pac. (2d) 744].) Upon the issuance of execution, Mr. Votaw satisfied the judgment and brought the present action to recover the amount paid by him.

By the terms of the policy as originally issued the defendants herein were relieved from liability "if the interest in the automobile described herein is at any time other than sole and unconditional ownership". The defendants con-

tend that upon the sale to Kin the insured ceased to possess the ownership required by the provisions of the policy. Much argument is addressed to that point, but it is unnecessary to consider it because of our conclusion that the judgment in any event should be affirmed.

Prior to the accident involved in *Bunch* v. *Kin, supra,* the defendants sent to Mr. Votaw a rider having the heading "Extended Coverage (omnibus clause)", to be attached to and to become a part of the policy. The pertinent portions of that rider read as follows:

"It is made a condition of the policy to which this endorsement is attached that, beginning at noon, standard time, January 1, 1933, at the address of the named insured stated herein, the insurance granted to the named insured under Part II relating to Property Damage and Public Liability and subject to all the terms, conditions and limitations of the policy, shall also inure to the benefit of any person or persons while riding in or legally operating the automobile described herein, and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named insured."

In transmitting the foregoing endorsement or omnibus clause the defendants addressed a letter to Mr. Votaw in which it was stated:

"We are enclosing an endorsement form which you will please attach to your policy. It is for the purpose of broadening the terms of the same to meet present automobile driving conditions. This endorsement provides for the extension of insurance under your policy to others who may be driving your car (with your permission), and gives to them all the protection afforded you by your policy. It also provides for compliance with the Owners Responsibility Laws of the various states in which the Exchange operates or in which you may be traveling at the time of an accident involving your insured car. There will be no additional charge for the extension of this coverage. In granting the extension of this coverage the Governing Board of the Exchange is keeping to the policy of providing its members with adequate coverage to meet the various changes in laws and conditions affecting the driving of automobiles."

It is the contention of the defendants that the provisions of the rider had no effect upon the coverage of the

original policy for the reason that the terms of the rider were to be "subject to all the terms, conditions and limitations of the policy", including the sale and unconditional ownership clause.

The plaintiff contends that the purpose of the rider was fairly expressed by the letter of the defendants in transmitting it; that such purpose was to "broaden the terms" of the policy "to meet present day driving conditions", and to make the "endorsement" cover "Owners Responsibility Laws of the various states in which the Exchange operates", and that this "extension of coverage" was to furnish the insured with protection "to meet the various changes in laws and conditions affecting the driving of automobiles".

The letter of transmittal undoubtedly described the purpose and effect of the omnibus clause correctly, at least in so far as it applies to the facts in this case. By its terms the rider was intended to protect the insured in the event that he be held liable under any "Owners Responsibility Laws" of the states in which the defendants operated, which would include this state. If the language of the rider did not have that effect, it was meaningless.

It should be noted that section 1714¼ of the Civil Code had recently been enacted (1929) and was, very significantly, an "Owners Responsibility Law", as reasonably contemplated by the omnibus clause. That section made it possible to impose liability by reason of ownership of the mere legal title of the car provided at the time of the injury the car was being operated with the consent of such owner. There can be no doubt that at the time of the accident the automobile in question was being operated by Kin with the consent of the plaintiff. (*Sly* v. *American Indemnity Co.,* 127 Cal. App. 202 [15 Pac. (2d) 522]), and it had been established by final judgment that the plaintiff was "legally responsible" for such operation, notwithstanding the fact that he had contracted to sell it and had delivered it to Kin.

The effect of the omnibus clause was to modify in favor of the insured the terms of the original policy. Instances where this result has been declared are cited in the briefs. For example, the case of *Firkins* v. *Zurich General A. & L. Ins. Co.,* 111 Cal. App. 655 [295 Pac. 1051], involved the public liability provisions of a policy which

provided that said policy should not cover "in respect of any automobile . . . while driven or manipulated by any person . . . under sixteen years of age in any event". An endorsement attached to the policy provided: "The policy to which this endorsement is attached is hereby extended to apply to any person . . . legally responsible for the operation thereof, provided such use or operation is with the permission of the named insured, or if the named assured is an individual, with the permission of an adult member of the named assured's household . . . " The accident occurred while the car was being operated, with the permission of the insured, by his fourteen-year-old son. The insurance company denied liability because of the age of the driver. In passing upon the effect of the rider the court said: "There appears to be no difficulty in reconciling the language of the policy with that of the rider on the subject of liability on account of the age of the chauffeur. It may be reasonably construed to mean that the surety company shall not be liable upon the policy 'while [the machine was] driven or manipulated by any person . . . under sixteen years of age' unless such minor was operating the car 'with the permission of an adult member of the assured's household', in which event the company is liable. To construe the language of this instrument otherwise would defeat the apparent intent of the parties and render the quoted language of the rider valueless." A like result was reached in *Swift* v. *Zurich General A. & L. Ins. Co.*, 112 Cal. App. 709 [297 Pac. 578], where it was held that a policy providing that coverage should not apply when the car was being operated by a person under sixteen years of age was superseded by a rider attached to the policy which provided that the coverage was extended to apply to any person legally responsible for the operation of the car with the owner's consent.

It must be conceded that the omnibus clause here under consideration, together with the letter of transmittal, rendered the contract of insurance as a whole ambiguous and consequently subject to construction, and that this ambiguity was caused by the insurer. Any fair and reasonable interpretation of the original contract as modified by the rider leads to the conclusion that the insured would be protected against any change in the laws of the state with reference to "Owners Responsibility", such as the enactment of sec-

tion 1714¼ of the Civil Code, especially when considered in connection with sections 45 and 45¾ of the California Vehicle Act in force at the time of the accident. Furthermore, any doubts arising by reason of ambiguities caused by the insurer must, under familiar rules of construction of insurance contracts, be resolved in favor of the insured.

The judgment is affirmed.

Houser, J., Gibson, J., and Waste, C. J., concurred.

Carter, J., deeming himself disqualified, did not participate.

EDMONDS, J., Dissenting.—In my judgment, the decision holding the insurer liable is based upon an erroneous construction of the contract between the parties. Moreover, it passes over, as unnecessary for determination, the question whether the named insured was the sole and unconditional owner of the automobile at the time of the accident which occasioned the present litigation. In effect, the court holds that regardless of the insurer's contract that it will pay the named insured's obligations only so long as the specified ownership continues, it is liable under a supplemental agreement which was made subject to all the terms, conditions and limitations of the policy.

The endorsement provides that "the insurance granted to the named insured . . . and subject to all the terms, conditions and limitations of the policy shall also inure to the benefit of any person or persons while riding in or legally operating the automobile described herein and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named insured". By this addition to the policy the insurer extended the original coverage to include persons other than the insured; that is to say, so long as the policy was in effect "and subject to all the terms, conditions and limitations" of the contract, the insurer agreed to indemnify any third person driving the automobile or responsible for its operation with the permission of the named insured. As stated by the appellant in its letter transmitting the endorsement, it "provides for the extension of insurance under your policy to others who may be

driving your car (with your permission) and gives to them all the protection afforded you by your policy''.

The two insuring agreements are separate and distinct provisions embodied in the one contract. By the policy as originally written the named insured was the only person insured against loss. Under the endorsement the insurance was extended to protect any unnamed person using the automobile or being responsible for its operation under specific conditions. It provided that the insurance granted to the named insured should also ''inure to the benefit of'' certain other persons, or, in other words, that such insurance should devolve by law as a right and be available to anyone who came within the specific conditions. But it gave the named insured no rights which he did not have before and the added protection was specifically made ''subject to all the terms, conditions and limitations of the policy''.

It is this provision of the omnibus clause which distinguishes the present case from *Firkins* v. *Zurich General Acc. & L. Co.*, 111 Cal. App. 655 [295 Pac. 1051]. There was no dispute presented by that case concerning who was insured at the time of the accident, but the controversy was whether the judgment creditor of the named insured could recover against the insurer because of an accident which occurred when the insured's automobile was driven by a fourteen-year-old boy. The policy excluded coverage when the automobile was driven by any person under sixteen years of age. By the endorsement coverage was extended to ''any person'' using it with the permission of the named insured. It was held that this provision made the insurer liable to the plaintiff because at the time of the accident the automobile was being operated with the insured's consent.

The action of *Swift* v. *Zurich General Acc. & L. Ins. Co.*, 112 Cal. App. 709 [297 Pac. 578], was brought by a named insured, against whom judgment had been rendered, against the insurer. The policy included an endorsement identical with the one before the court in the Firkins case. It was held that the insured might recover the amount of the judgment which was awarded because of an accident in which a minor was driving the automobile with her consent, notwithstanding the age limitation. The recovery was not upon the extended coverage agreement but under the

ordinary policy terms. Because of statutory provisions, the insured was liable for the damages resulting from a collision which occurred while the automobile was driven by a minor with her consent, and the court held that the provision limiting coverage to persons under sixteen years of age had been superseded by the endorsement which extended insurance to any person without restriction.

It is difficult to see the logic of this reasoning. Had the judgment been against the minor driver, as the endorsement applied to "any person" without limitation as to age, then he could recover against the insurer. But the court measured the liability of the insurer to the insured by reading into the terms of the contract under which it agreed to protect him, provisions concerning insurance granted to a third person, one driving the automobile with the consent of the insured.

However, that presents a situation entirely different from that of the plaintiff in the present case who must recover if at all as a person insured by the omnibus clause but not by the policy. Here there is no inconsistency or ambiguity between the two insuring agreements. "Where the terms are plain and explicit and the meaning clear, courts indulge in no forced construction in order to cast a liability upon the insurer which it has not assumed." (14 Cal. Jur. 446; *Maryland Cas. Co.* v. *Industrial Acc. Com.*, 209 Cal 394, 395 [287 Pac. 468].)

When the accident happened, Votaw was not riding in or legally operating the automobile with the consent of the named insured; it was Kin who was doing this. Under these circumstances, if the policy was then in effect Votaw was covered as the insured named in it and the extended coverage protected Kin, the driver of the car. Reading the policy of insurance and the endorsement together, it seems obvious that the same person could not be the insured under both agreements, nor could a person insured under one claim the protection afforded by the other.

On the other hand, it seems clear that the insurance was not in effect after Votaw sold his automobile to Kin. The California Vehicle Act (Stats. 1923, p. 517, as amended), in effect at that time, required that within ten days after a transfer of the title or interest of a legal owner in or to a registered automobile, the certificate of ownership be for-

warded to the division of motor vehicles; thereupon the division "shall issue to the owner and legal owner entitled thereto, by reason of such transfer, a new certificate of registration and certificate of ownership respectively . . . Until said division shall have issued said new certificate of registration and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

This section does not purport to limit or restrict the ownership of an automobile. One may have record title to property and not be its owner; likewise, transfer of the legal title to property may not have any effect upon the ownership. The statute expressly recognizes this distinction in providing for a "certificate of registration" to the "owner" and a "certificate of ownership" to the "legal owner", and affects only the legal title to an automobile as distinguished from equitable ownership of it. (See *Sly* v. *American Ind. Co.*, 127 Cal. App. 202, 207 [15 Pac. (2d) 522]; *Swing* v. *Lingo*, 129 Cal. App. 518 [19 Pac. (2d) 56]; *Kenny* v. *Christianson*, 200 Cal. 419 [253 Pac. 715, 50 A. L. R. 1297]; *Pendell* v. *Thomas*, 95 Cal. App. 33 [272 Pac. 306]; *Goodman* v. *Anglo Cal. T. Co.*, 62 Cal. App. 702 [217 Pac. 1078]; 23 California Law Review, 557, 562.) Therefore, although by Mr. Votaw's failure to comply with the provisions of the California Vehicle Act, *supra*, the legal title remained in him, yet Mr. Kin acquired an interest in it which, according to the law as I read it, relieved the insurer from liability under its contract in the circumstance shown in this case.

The respondent lays great stress upon the statement in the insurer's letter concerning the endorsement that it "provides for compliance with the Owner's Responsibility Laws of the various states in which the exchange operates, or in which you may be traveling at the time of an accident involving your insured car". This comment is not an insuring agreement and may not be construed accordingly. If it may properly be considered for any purpose it adds nothing to the plaintiff's cause of action.

In California the owner of an automobile is liable for the death or injury of a person or for damage to property oc-

casioned by any person using it with the permission, express or implied, of such owner. (Sec. 1714¼ Civ. Code, now Vehicle Code, sec. 402.) Under this statute, which is substantially the same as those of many other states, responsibility is limited to the amount of five thousand dollars for the death of or injury to one person in any one accident. It also provides "that in any action against an owner on account of imputed negligence as imposed by this section, the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant provided personal service of process can be had upon said operator within this state, and upon recovery of judgment, recourse shall first be had against the property of said operator so served".

Under this statute the operator remains primarily liable for all damages suffered as a result of his negligence. The owner has a limited responsibility, which is secondary in the sense that execution of a judgment shall first be levied upon the property of the operator. The ability of the operator whom an owner has allowed to drive his car to respond in damages is, therefore, of much interest to the owner in many ways. Undoubtedly, the desire of owners to make certain that any persons to whom they entrust their automobiles have insurance coverage in their own right leads insurers to adopt the omnibus clause as a standard form. By a policy containing that clause the owner has provided insurance protecting any person driving his automobile with his permission. With such a contract in force, he has complied with the statute by making certain that recourse may be successfully had upon the operator for any judgment rendered in an action for damages suffered by reason of the operator's negligence.

According to these views the judgment should be reversed with directions to enter judgment for the defendant.

CURTIS, J., Dissenting.—I concur in the dissenting opinion of Mr. Justice Edmonds. It is conceded by the majority opinion that the plaintiff may not recover under the policy as originally written as he was not the unconditional owner of the automobile at the time of the accident, he having disposed of the automobile to Kin under a conditional contract of sale. The right of plaintiff to

recover is accordingly predicated solely upon the terms of the rider issued by the insurer and the letter written to the insured enclosing the rider. By the rider the terms of the policy are made to inure to the benefit of all persons operating the automobile "With the permission of the named insured". By no reasonable construction of this language may it be made to refer to the owner of the car as it is specifically limited to those persons driving the car with the permission of the owner. That it was intended by the rider to broaden the terms of the policy so that it would include third persons and third persons only is made clear by the terms of the letter which definitely states that the rider, or endorsement as it is called by the writer of the letter, provides "for the extension of insurance under your policy to others who may be driving your car (with your permission)." I am unable to see how this language which purports only to extend the terms of the policy to third persons can be construed as a waiver by the insurer of the terms of the policy which relieve the insurer of liability to the owner of the car if the latter's interest is at any time other than a sole and unconditional ownership.