Reuben Levy, M.
The defendant is charged with grand larceny under section 1293-a of the Penal Law which reads in part as follows: ‘ ‘ Any person who * * * shall, without the consent of the owner take, use or operate * * * an automobile * * * for his own profit, use or purpose * * * is guilty of larceny ”.
*431 Defendant, when apprehended, was a passenger in a recently-stolen automobile, which was being driven by the confessed thief. On being questioned, the defendant, who was in the car without the owner’s permission, made no statement.
The defendant, of course, has a constitutional right to remain silent. Nevertheless, his unexplained presence in the stolen car raises the presumption against him of larceny as defined in section 1293-a of the Penal Law. In People v. Galbo (218 N. Y. 283, 290 [1916]) the court said that “ recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal.”
It is the defendant’s contention that the only one chargeable with “exclusive possession” is the driver of the automobile. But the prohibition of section 1293-a of the Penal Law extends to those who “ use ” as well as those who “ operate ” an automobile without the owner’s consent. It may be added that the sense of the word ‘ ‘ exclusive ’ ’ does not rule out such possession by two or more persons under appropriate circumstances. (State v. Oliver, 355 Mo. 173, 176 [1946]; Weisman v. United States, 1 F. 2d 696, 698-699 [C. C. A. 8th, 1924].)
Defendant is held for the Grand Jury. Parole is continued.