SWAIN, P. J.
The plaintiff, a fur merchant, insured his stock in trade with the defendant under a “Special Floater Policy” which provided, among other things, “Property in custody of public or common carriers or postal authorities is not covered unless shipped subject to the following conditions: . . . . B. Railway Express Agency, Inc., .... provided that on each shipping package of a value of $500, or more sent by the Assured .... either (1) a value declaration is made to the carrier of not less than 25% of the actual value of the contents of the shipping package, but not necessarily more than $1,000. per package, or (2) the packages are shipped under carrier’s receipt bearing the stipulation ‘Protective Signature Requested. ’ ’ ’ While the policy was in effect, the plaintiff shipped with Railway Express Agency a carton containing four pieces of fur having together an actual value of $1,420. Plaintiff did not declare a value of 25 per cent nor were the furs shipped under a “Protective Signature Requested” receipt. They were lost in shipment by the Express Agency. The plaintiff sued his insurance company for the value of the furs. The defendant appeals from a judgment in favor of the plaintiff for the value of the furs less the amount of $355 which the Express Agency would have paid if plaintiff had complied with the policy. The facts are not in dispute. The plaintiff admits that it did not comply with the provisions of the policy quoted above but argues that the defendant was not prejudiced thereby and relies on cases which hold that where property is admittedly insured a failure to give notice of the loss or failure to cooperate with the insurance company as required by the policy does not bar recovery except to the extent the insurer was prejudiced by such failure.
The question we must answer is, were the furs insured at the time of the loss ?
By the clear wording of the policy quoted above, the furs were not insured at the time of the loss. The case of American Insurance Co. v. Rosenberger (1960) 28 Ill.App.2d 357 [171 N.E.2d 662] is directly in point. At page 633 of the N.E.2d citation, the court says: “Where ‘furrier block’ policy provided that furs in the custody of air carrier were not covered unless insured or his agents made a value declaration to *Supp. 853 carrier of not less than 25% of the actual value of shipping package, such provision was a condition precedent, and when insured shipped package by air freight and failed to make a declaration of value in accordance with policy provisions, insurance never became effective and insurer was not liable for loss of package.” (Emphasis added.) Volume 27 California Jurisprudence 2d 771-772 provides: “Although in case of doubt the provisions of an insurance contract or policy will be construed most strongly against the insurer, where the terms of the policy are plain and explicit the courts will indulge in no forced or strained or unnatural construction so as to east a liability on an insurance company which it has not assumed or make a new contract for the parties. If the language of the policy is clear, it is the court’s duty to give it effect, and not to change the nature of the contract or to nullify an express and unequivocal agreement. But the courts are disinclined to construe the stipulations of a contract as conditions precedent unless compelled by the language of the contract, plainly expressed.”
In Exchange Lemon Products Co. v. Home Ins. Co. (9th Cir. 1956) 235 F.2d 558 the appellant was the insured under a policy issued by the appellee which provided that when the insured property, largely lemon concentrates, was in due course of transit it was covered by the policy against damage but was not covered if in storage. The property was shipped from California and was held in storage for eight months at Kansas City awaiting resale. It was destroyed by flood. Although the property had been insured while in transit, it was not covered by the policy when the damage occurred. At page 561, the court said, “Bearing in mind that words are to be given their natural meaning, that all are presumed to mean something and are to be given effect if possible, and that the presumption is against conflicts in terminology, we are disposed to say that ‘storage’ was a limitation on what otherwise might be the result if we were solely concerned with ‘in due course of transit.’ ” This supports our appellant’s claim that although the furs were covered by the policy while in the hands of respondent, they ceased to be covered when shipped.
Plaintiff’s cases deal with loss or damage to property admittedly insured and with the question of whether the insured took the necessary procedural steps, after loss or damage, to entitle him to recover on the policy.
*Supp. 854 It relies on three types of eases but they do not support its position. Hynding v. Home Acc. Ins. Co. (1932) 214 Cal. 743 [7 P.2d 999, 85 A.L.R. 13] dealt with a failure of the insured to cooperate with the insurer as required by the policy. Security Ins. Co. v. Snyder-Lynch Motors, Inc. (1960) 183 Cal.App.2d 574 [7 Cal.Rptr. 28] deals with failure of the insured to give insurer notice of the loss as required by the policy. Respondent apparently claims that Votaw v. Farmers Auto. Inter-Insurance Exchange (1938) *(Cal.) [76 P.2d 1174] (not in Cal. Reports because a rehearing was granted) involved a question of whether an automobile was insured. The policy provided that the insurer was relieved from liability at any time the insured’s interest in the automobile was other than sole and unconditional ownership. He had orally contracted to sell the car to a third party and had transferred possession to him. The third party was involved in an accident. The insurer claimed that, by reason of the provision just mentioned, the auto was not insured. The court held it was covered by the policy. This looks like a strong case for our plaintiff but it is not, because there was a provision covering any person operating the automobile with the assured’s permission. The same is true in Sly v. American Indem. Co. (1932) 127 Cal.App. 202 [15 P.2d 522] cited by respondent.
Gibson v. Colonial Ins. Co. (1949) 92 Cal.App.2d 33 [206 P.2d 387] involved failure to give notice as soon as required. The policy required that notice be given “as soon as practicable.” It was held that a delay of about seven and a half months did not bar recovery because the insurer was not prejudiced by the delay. This case relied on and followed Abrams v. American Fidelity & Cas. Co. (1948) 32 Cal.2d 233 [195 P.2d 797] where although the policy required “immediate” notice be given, a delay of 41 days did not prejudice the defendant. This case distinguishes Purefoy v. Pacific Auto. Indem. Exchange (1935) 5 Cal.2d 81 [53 P.2d 155] which held that the delay gave rise to a presumption (unrebutted) that the defendant had been prejudiced by a delay of one year and three months.
The following statement in Gibson v. Colonial Ins. Co., supra, 92 Cal.App.2d 33, 35 is significant on the point that decided cases, re violation of terms of a policy not being a defense, deal only with failure to take the required procedural *Supp. 855 steps, not with the question of whether property is insured: “The statement in Hynding v. Home Acc. Ins. Co., 214 Cal. 743, 752 [7 P.2d 999, 85 A.L.R. 13], that ‘the violation of the condition by the assured cannot be a valid defense against the injured party unless in the particular ease it appears that the insurance company was substantially prejudiced thereby, ’ has been regarded as a controlling principle in numerous actions where breach of a cooperation clause or notice provision has been asserted as a defense.” (Emphasis added.)
A somewhat analogous situation occurs in cases where an injured party is authorized, by statute, to sue the insurance company direct. A note in 85 American Law Reports 61 states: “Referring to the Wisconsin statute . . . the court in Bro v. Standard Acc. Ins. Co. (1927) 194 Wis. 293 [215 N.W. 431], supra, said: ‘This is a remedial statute which does not create a liability or confer any right of action where none exists under the terms of the policy itself.’ ” We make the same point in the case at bar, for the doctrine of substantial performance of procedural requirements of an insurance policy “does not create a liability or confer any right of action where none exists under the terms of the policy itself.” The furs were not insured at the time of loss.
The judgment is reversed with instructions to enter a judgment in favor of the defendant. Costs on appeal are awarded to the appellant.
Huís, J., and Smith, J., concurred.

The final opinion is reported in 15 Cal.2d 24 [97 P.2d 958, 126 A.L.R. 538],