J. Robert Lynch, J.
The defendant Kenneth Reynolds appears specially and moves to set aside the summons purportedly served on him through service on the Secretary of State under the provisions of section 253 of the Vehicle and Traffic Law.
The essential facts are not in dispute. The moving defendant is the son of the defendant Doris Reynolds. All of the defendants are residents of Massachusetts. On the night of February 21, 1962, Kenneth Reynolds and his companion, the defendant Thompson, took a car owned by Mrs. Reynolds and brought it into New York State. Later that night, at a time when Thompson was driving the car and Reynolds was a passenger, it was involved in the accident near Syracuse which gives rise to this suit.
Section 253 of the Vehicle and Traffic Law states that “ The use or operation by a non-resident of a vehicle in this state * * * shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which *848 such non-resident may be involved while using or operating such vehicle in this state ’ ’.
We deem it immaterial to this motion to determine whether or not the car was taken without the consent of Mrs. Reynolds. We do not believe it the intent of the Legislature to exclude from jurisdiction a nonresident who has obtained possession criminally and only include jurisdiction of him if he has obtained possession legally. Neither do we deem it material to this motion to determine that Kenneth Reynolds might ultimately be held free of liability as being neither an owner nor an operator.
Conceding that Reynolds was not operating the car at the time of the accident, we deem the only question for determination on this motion is whether or not, under the factual situation pertaining, Reynolds, as a passenger, was using the car at the time of the accident within the meaning of section 253 of the Vehicle and Traffic Law.
Prior to July 1, 1958 section 253 of the Vehicle and Traffic Law (then numbered § 52) applied only to a nonresident operating a vehicle. Chapter 568 of the Laws of 1958 amended the section to apply to nonresidents using or operating. The note of commission appended to the section recites that it was amended on the recommendation of the Law Revision Commission to extend its application 11 to cases where the use of the vehicle in this state, during the course of which the accident occurs, is not technically an ‘ operation ’ of the vehicle under the narrow construction given to the term £ operate ’ by some decisions” (1958 Report of N. Y. Law Rev. Comm., p. 631). Its purpose is to broaden the category of those included in the section beyond those who are literally driving the car (N. Y. Legis. Doc., 1958, No. 65[I1]).
It is appropriate to this motion that a particular concern of the Law Revision Commission and one of the reasons it recommended enlarging the statute to include users was the then-existing immunity of a nonresident who while not the owner of the car was nonetheless the operator’s principal (1958 Report of N. Y. Law Rev. Comm., p. 649).
We cannot equate, as the petitioner would have us do, the “use” of section 253 of the Vehicle and Traffic Law with the “ use ” of section 388 of the Vehicle and Traffic Law which petitioner interprets has been decided as meaning use with permission and consent. We reject this equation because section 253 expressly sets up three categories of applicability: “use or operation by a non-resident”; “use or operation * * * in the business of a non-resident”; and “use *849 or operation ® * * with his [a non-resident owner’s] permission, express or implied”.
Within common usage or dictionary meaning, one using a facility is one who is enjoying it (see Webster’s New International Dictionary, “Use”; Black’s Law Dictionary [2d ed.], “user”). We must consider also the results sought by the statute to be achieved (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 95) — protection against the tortious acts of nonresidents. We must strive also against rendering the Legislature’s actions ineffective (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 144)- — a certainty, if we were to say that the Legislature amended the section from “ operation ” to “ use or operation ” only to add a synonym. We conclude therefore that a passenger being transported in an automobile is using the automobile within the meaning of section 253 of the Vehicle and Traffic Law.
A similar conclusion has been reached in a construction of “ use or operate ” in section 1293-a of the Penal Law (People v. Cordero, 18 Misc 2d 430). Still another statute involving the expression “using or operating” a car has been judicially construed. The court’s reasoning there is applicable here. “ The words are used disjunctively. The Legislature drew a distinction between ‘ using ’ and ‘ operating ’ * * * The statute must be interpreted in harmony with its verbiage. We cannot hold that 1 using ’ and ‘ operating ’ are interchangeable or synonymous words.” (Feitelberg v. Matuson, 124 Misc. 595, 598.) The motion is denied.