[File No. 7079]

MAURICE PERSELLIN, Appellant, v. STATE AUTOMOBILE INSURANCE ASSOCIATION, Respondent.

(32 NW2d 644)

Opinion filed April 30, 1948.  Rehearing denied June 5, 1948

*Lanier & Lanier, E. M. Stern,* for appellant.
*Day, Lunberg & Stokes,* for respondent.

BURKE, J.  In this action plaintiff sought to recover damages, as an additional insured within the provisions of an "omnibus clause" contained in a policy of automobile insurance, issued by the defendant insurance company to Felix Farrar of Fargo. The defendant denied that plaintiff was included within the definition of an insured person contained in such "omnibus clause".  The case was tried to the court without a jury and a judgment for the defendant was granted and entered.  Plaintiff has appealed from the judgment.

Felix Farrar is engaged in a merchandising business at Fargo, N. D.  Sometime in the early part of May 1944, he employed Maurice Shapiro as a salesman.  At the time of employment he agreed to furnish Shapiro with a car "to go out and do some business".  Farrar testified, "the only thing I told him, that I would buy him a car and he had to take care of it."  Thereafter the car, a 1938 Chevrolet, was purchased by Farrar and turned over to Shapiro.  Farrar retained title to the car but Shapiro thereafter had uninterrupted possession and assumed full liability for the cost of its maintenance and repair.  On May 15, 1944, the defendant issued to Farrar, for a period of one year, a policy of automobile liability insurance, by which it agreed, under Coverage A, to pay to the insured "all sums which the insured  shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of

bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." Item 5 of the policy provided: "The purposes for which the automobile is to be used are Pleasure and Business." The policy also contained what is generally described as an "omnibus clause", which read, "Definition of insured: The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes the name insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. . . ."

On the evening of June 18, 1944, in the vicinity of Detroit Lakes, Minnesota, Shapiro had as his guests in this automobile the plaintiff, and two ladies. They had "something to eat" at a place between Shoreham and Detroit. The girls then wanted to go to another place and Shapiro who was tired asked plaintiff to drive the car. This, he did. It was then about ten o'clock at night. The record does not disclose what happened during the next two hours. Shortly after midnight, at a place near Detroit the car was involved in an accident. Thereafter one of the ladies sued Farrar, Shapiro and the plaintiff for damages for injuries claimed to have been received by her in such accident. She recovered a judgment against plaintiff in the sum of two thousand dollars. Plaintiff compromised and settled this judgment for the sum of eight hundred dollars. It was this sum which plaintiff sought to recover from the defendant in the instant action. The only question in the case is whether plaintiff was an insured person within the provisions of the policy. If he was the defendant admits liability.

Whether plaintiff was an insured person at the time of the accident depends upon the construction given to the "omnibus clause" of the insurance policy. This clause includes within the definition of an "insured person" two classes of persons, first, persons using the automobile, and second, persons legally

responsible for its use, provided the actual use of the automobile is with the permission of the named insured.

It is clear that upon the evening in question Shapiro was using the automobile to transport his friends in pursuit of recreation and pleasure. The fact that he asked one his guests, to drive does not negate this conclusion. He was present at all times. It was for him to say, if he wished, where, when and how the automobile should be driven. In the words of Judge Cardozo in Grant v. Knepper, 245 NY 158, 156 NE 650, 54 ALR 845, 27 NCCA 440, Shapiro "did not abandon the car or its use when he surrendered to another the guidance of the wheel. . . . he was still the director of the enterprise, still custodian of the instrumentality confided to his keeping, still the master of the ship." See also Jones v. New York Casualty Co. (DC Va) 23 F Supp 932; American Casualty Co. v. Windham (CCA 5th Ga) 107 F2d 88; Glens Falls Indem. Co. v. Zurn (CCA 7th Wis) 87 F2d 988.

We are satisfied too that the use of the car by Shapiro upon this occasion was with the permission of Farrar. It is not questioned but that Shapiro had permission to use the car in the first instance. In many jurisdictions such first instance permission, even though it be granted for a specific purpose, is sufficient to make a use for any other lawful purpose, while the user retains possession of the car, a permitted use within the meaning and effect of an "omnibus clause." Dickinson v. Maryland Casualty Co. 101 Conn 369, 125 A 866, 41 ALR 500; Stovall v. New York Indem. Co. 157 Tenn 301, 8 SW2d 473, 72 ALR 1368; Maryland Casualty Co. v. Ronan (CCA2d Vt) 37 F2d 449, 72 ALR 1360; Georgia Casualty Co. v. Waldman (CCA 5th Ala) 53 F2d 24; Peterson v. Maloney, 181 Minn 437, 232 NW 790; Jefson v. London Guarantee & Acci. Co. 293 Ill App 97, 11 NE2d 993; Parks v. Hall, 189 La 849, 181 So 191; Drewek v. Milwaukee Auto. Ins. Co. 207 Wis 445, 240 NW 881.

In this case, however, the first instance permission was not a limited one. Farrar testified that he told Shapiro at the time he sought to hire him that he would buy him a car. Some six weeks prior to the accident with which we are concerned, he

purchased the car and turned it over to Shapiro. Within a few days thereafter he purchased insurance against any liability arising out of the use of such car. The policy of insurance, which is the one sued on here, describes the car and provides that it is to be used for both business and pleasure. Presumptively at least, the information as to the use to be made of the car came from Farrar. Farrar said he turned over to Shapiro "full authority over the operation and control" of the car. From the time the car was turned over to him, Shapiro had exclusive possession thereof and exercised complete control thereover. The evidence thus establishes that Shapiro had permission to use the car, as if it were his own, both for business and pleasure. Defendant points out that Farrar, in answer to questions as to why and for what purpose he purchased the car, testified that he bought it so Shapiro could go out and do some business. Counsel argues that Farrar's principal purpose or motive in buying the car operated as a limitation upon the use that could be made of it. Such a conclusion does not necessarily follow although it might arise as a proper inference if there were no evidence to the contrary. Here the evidence effectively excludes such an inference.

As to the plaintiff, Persellin, defendant contends that the evidence clearly shows that he was driving the car at the time of the accident without the knowledge or permission of Farrar and that therefore he was not an additional insured within the provisions of the "omnibus clause" of its insurance policy. Although a limitation that the operation of a car, as well as its use, must be with the permission of the named insured is a common provision of "omnibus clauses" (see note in 72 ALR 1375), the clause contained in the policy in this case contains no such limitation. The only condition here is that the use of the car must be with the permission of the named insured. If that condition is met then the user of the car and any person legally responsible for its use are additional insured persons and entitled to the protection of the policy. *Here Shapiro was using the car with the permission of the named insured. Persellin in aiding Shapiro in the permitted use became a person legally*

*responsible for such use.* He was therefore an additional insured within the provisions and intent of the "omnibus clause" in the policy sued on in this case. Glens Falls Indem. Co. v. Zurn (CCA7th Wis) 87 F2d 988.

The judgment appealed from is reversed and the district court is directed to render judgment in favor of the plaintiff.

CHRISTIANSON, Ch. J., NUESSLE, J., and GRIMSON and MILLER, District Judges, concur.

BURR and MORRIS, JJ., not participating.

BURKE, J. (On Petition for Rehearing). In this case respondent has filed a vigorous petition for rehearing in which he asks a reconsideration of our construction of the "omnibus clause" contained in the insurance policy upon which this suit is founded. This clause reads: "The unqualified word 'insured' used in coverages A & B and other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured." This language is clear. In addition to the named insured, it makes both persons using the automobile and persons responsible for the use thereof insured persons, if but one condition be met. That condition is that the actual use of the automobile be with the permission of the named insured. There is no condition that the driving or operation of the car must be with the permission of the named insured, and no condition that a person, other than the user, who may become legally responsible for the use of the automobile must have the permission of the named insured. Thus if the user of the automobile has the permission of the named insured to use and if such user is using the automobile for a permitted purpose at the time a legal liability is incurred, then the user and any other person legally responsible for the use are insured persons under the policy. We see no other reasonable construction.

Respondent contends that the word "use" always includes operation. He cites Webster's International Dictionary to show that one of the definitions of the verb "to use" is "to put in operation". The noun "use" is one of many connotations. The definition listed first in Webster's International Dictionary 2d ed is "Act of employing anything, or state of being employed; application; employment." Roget's Thesaurus gives as synonyms, "employment, application (to a purpose)" and others. At the time of the accident the automobile was being employed for, or applied to, the purpose of entertaining Shapiro's guests. It was being so employed by Shapiro. Such employment by Shapiro was a "use" permitted by the named insured.

In construing this contract, as we have, we have given to the word "use" one of its most common meanings. The definition we have accepted is clearly consistent with the context of the policy. In Item five the policy provides: "The purposes for which the automobile is to be used are business and pleasure." There can be no question that in this Item the word use means apply to a purpose. It is true that the word use has other meanings but "where the terms of an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity." Beauchamp v. Retail Merchants Asso. 38 ND 483, 165 NW 545. See also Myli v. American L. Ins. Co. 43 ND 495, 175 NW 631, 11 ALR 1097.

Respondent has also asked us to reconsider our finding that Shapiro had Farrar's (the named insured) permission to use the automobile for pleasure. He cites Farrar's testimony that he bought the car so Shapiro could go out and do some business. It is clear that Farrar's motive in buying the car was to enable Shapiro to go to work for him but it is also clear from the rest of the record, that having purchased the car, Farrar turned it over to Shapiro to use as his own.

The petition for a rehearing is denied.

CHRISTIANSON, Ch. J., NUESSLE, J., and MILLER and GRIMSON, District Judges, concur.