GULLICKSON, by Guardian *ad litem,* and others, Plaintiffs and Respondents, v. WESTERN CASUALTY & SURETY COMPANY, Defendant and Appellant: EHLENFELDT and others, Defendants and Respondents.

*June 4—June 29, 1962.*

222

For the appellant there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *Carroll E. Metzner*.

For the respondents there was a brief by *Hall & Griffith* of Madison, for plaintiffs-respondents, and by *John T. Howard* of Madison, for defendants-respondents Ehlenfeldt and Schroud, and oral argument by *Laurence W. Hall*.

BROWN, C. J.    While we do not agree completely with all the intermediate conclusions of the learned trial court, we concur in the result which it reached, denying Western's motion for summary judgment.  In particular the trial court stated in its memorandum decision:

"The able counsel for defendant Western Casualty & Surety has demonstrated to our satisfaction that the use of the Oldsmobile in question is not covered by the policy and that both insuring agreement Clause II, Coverage 1, Division (a), and the exclusion Clause B (3), set forth above, clearly and unambiguously so provide.  *And we are satisfied that 'use' of the automobile includes turning on the ignition or attempting to start up the motor of the same while stopped for repairs at the filling-station premises.*"  (Our emphasis.)

We are not so satisfied that the attempt to start the motor, including turning on the ignition, under the circumstances was a "use" of the automobile, whether or not such automobile was owned by an employee or a third party.

It is common knowledge, and we take judicial notice of it, that the attendants at such stations are employed to render a variety of services to the traveling public to enable the patron of the service station to proceed on the journey which he has in mind.  Among those services commonly rendered are to put gasoline in the tank of the car, check the oil, water, and tire pressure and restore the proper levels in those respects if deficiencies are discovered, diagnose the causes of an unsatisfactory behavior by the automobile which the

attendant is servicing and make minor repairs and adjustments to improve its performance. We do not think the servicing of the motorist's automobile is a "use" of the car by the proprietor of the service station or his employee. Any motorist would be astonished to hear that his car is being "used" by the station attendant who is wiping the windshield, or filling the tank, or changing a spark plug, or adjusting a carburetor, or attempting to start the motor. In our view such servicing is not a use of the automobile by the personnel of the station. Therefore, the language used in the policy, in the "Definition of Hazards" which excludes coverage during the *use* of an automobile in connection with the station's operations whenever such automobile is owned in part by a station employee, does not apply to an operation which consists of servicing the car by the station attendants, whatever may be the car's ownership.

The affidavits of defendants Ehlenfeldt and Schroud allege that Harold Nelson was not "using" the automobile on the day of the accident. From what we have just said it certainly cannot be held as a matter of law that Nelson's activities constituted a use of the automobile which he was trying to start. Although, if pressed, we would be inclined to hold as a matter of law this activity was not a *use* of the car, we need not go that far, for at the very best, from Western's standpoint, an issue of material fact is presented. Therefore, a motion for summary judgment should be denied. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697. Summary judgment will be granted only where there are no substantial factual issues to be tried. *Laffey v. Milwaukee* (1959), 8 Wis. (2d) 467, 99 N. W. (2d) 743; *Gordon S. Stark & Co. v. Roets* (1958), 3 Wis. (2d) 612, 89 N. W. (2d) 189.

Although we do not concur in the reasoning of the trial court that servicing a disabled automobile is a use of the automobile by the service-station attendant, the trial court

concluded that this policy covered the risk of this accident for a separate reason in which we join.

The reader will observe that the policy separates various risks, one being the risk arising out of the ownership, maintenance, or use of the *premises* for the purpose of an automobile-service station and all operations necessary and incidental thereto; and another risk is that arising from the use of a customer's *automobile*. It is in connection with the second hazard, the use of an automobile, that the policy excludes coverage if the automobile is owned in part or registered by an employee. Scrutiny of the coverage pertaining to the use of the premises discovers no limitation on the coverage afforded the premises and the operations incidental to purpose of a service station due to automobile ownership.

In their complaint plaintiffs allege negligence of the proprietors not only in Nelson's effort to start the automobile motor but also in allowing and encouraging the inexperienced minor plaintiff to be on the premises, allowing him to obtain gasoline from the service-station premises, failing to warn Dennis of the danger inherent in such operations, and failure to provide adequate safeguards for such repair work.

The trial judge determined that the policy gave insurance protection to the proprietors against damages arising out of their use and maintenance of the premises as a service station, including the necessary and incidental operations thereof, and did not eliminate such coverage because the car being serviced was owned or registered by an employee. The learned trial court well stated the conclusion in which this court joins on this feature of the policy, as follows:

"Where the act incident to ownership, maintenance, or use of the *premises* is a substantial factor in causing injury, coverage should be extended despite the fact that another act incident to use of an employee's automobile is also a substantial factor in causing such injury. There may be, and often are, more than one substantial factor acting jointly to

cause injury. The boy's act of pouring the gasoline in the instant case combined with Harold Nelson's act of turning on the ignition can be assumed to have operated together in causing the flashing up of flame into the lad's face. If we rule out coverage as to Nelson's act in turning on or attempting to turn on the ignition in the automobile, we do not thereby rule out coverage of defendants Ehlenfeldt and Schroud for alleged liability on their part in suffering the inexperienced minor plaintiff, encouraged by them to be on the premises, to obtain gasoline from the premises in a container from the premises and then to pour such highly volatile liquid into the carburetor of an automobile on the premises."

In addition to its motion for summary judgment Western also entered a plea in abatement. The appeal has not involved that plea, so we have not considered it at this time.

*By the Court.*—Order affirmed.

WILKIE, J., took no part.