NATIONAL FARMERS UNION PROP-
ERTY & CASUALTY COMPANY, a
Foreign Corporation, Appellant,

v.

Inga LUKINS et al., Appellees.

No. 17480.

United States Court of Appeals
Eighth Circuit.

April 3, 1964.

2.

James L. Hansen, of Letnes, Hansen &
Murray, Grand Forks, N. D., for appel-
lant.

Robert Vaaler, of Stokes, Vaaler, Gillig
& Warcup, Grand Forks, N. D., for ap-
pellees.

Before VAN OOSTERHOUT, RIDGE
and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff National Farmers Union Prop-
erty & Casualty Company, hereinafter
called Farmers Union, appeals from an
adverse judgment in a declaratory judg-
ment action it brought pursuant to 28
U.S.C.A. § 2201 to obtain a determina-
tion that it is not obligated under the
omnibus clause of an automobile liabil-
ity policy issued to B. O. Tande covering
his 1949 Cadillac for injuries caused by
the negligent operation of said automo-
bile by Lola Sandbeck on May 13, 1961.
Defendants are Lola Sandbeck, a grand-
daughter of the named insured, State
Farm Mutual Automobile Insurance Com-
pany, the insurer of a liability insurance
policy upon a car owned by Lola Sand-
beck which afforded protection with re-
spect to operation of non-owned automo-
biles, and Inga Lukins and Elmer Lukins,
who claim damages as a result of the
negligent operation of the Tande automo-
bile by Lola Sandbeck.

Jurisdiction, based upon diversity of
citizenship and the requisite amount, is
established. It is agreed that the insur-
ance policy is a North Dakota contract
and that North Dakota law controls.

The policy issued by Farmers Union to
Mr. Tande, covering his Cadillac automo-
bile, is valid and was in effect at the
time of the involved accident. The dis-
pute arises with respect to the omnibus
clause. The pertinent portion of the om-

nibus clause provides coverage with respect to Mr. Tande's automobile for "(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured."

The controlling issue is whether Lola Sandbeck was operating Mr. Tande's Cadillac with Mr. Tande's permission on May 13, 1961. Farmers Union thus states the issue: "[W]e are faced with the problem of whether a sub-permittee is covered under a policy of liability insurance in the State of North Dakota and if so, is there any restriction on this coverage under varying factual situations." It then states the general rule to be that quoted by the district court in Sunshine Mut. Ins. Co. v. Mai, D.C.N.D., 169 F. Supp. 702, aff'd on appeal sub nom. Peterson v. Sunshine Mut. Ins. Co., 8 Cir., 273 F.2d 53, which reads:

" 'It has generally been held that where A, the owner of an automobile, gives general permission to B to use the automobile and B gives permission to C to use the automobile solely for C's purpose, benefit, or advantage, and the automobile is involved in an accident while being so used by C, such use is not with the permission of the named insured.' Samuels v. American Automobile Ins. Co., 10 Cir., 150 F.2d 221, 223, 160 A.L.R. 1191, (quoted with approval in United Services Automobile Ass'n [v. Preferred Acc. Ins. Co.], supra [10 Cir., 190 F.2d 404], and referred to therein as being the general rule)." 169 F.Supp. 702, 705.

In Persellin v. State Auto. Ins. Ass'n, 75 N.D. 716, 32 N.W.2d 644, the closest North Dakota case bearing upon our present problem, omnibus coverage was held to exist on the insured car where the original permittee as an occupant was being driven by another person at the request of the first permittee but without express permission or knowledge on the part of the named insured. The North Dakota court states:

"Thus if the user of the automobile has the permission of the named insured to use and if such user is using the automobile for a permitted purpose at the time a legal liability is incurred, then the user and any other person legally responsible for the use are insured persons under the policy. We see no other reasonable construction." 32 N.W.2d 644, 647.

This language is quoted and approved in Peterson v. Sunshine Mut. Ins. Co. In that case we also said:

"A permittee can, of course, use or share in the use of an automobile without actually driving it, and, under North Dakota law as announced in the Persellin case, make anyone he asks to drive it for him legally responsible for the use of the automobile and therefore an additional insured under an 'omnibus clause' of a liability policy." 273 F.2d 53, 55–56.

In Peterson, the trial court found as a fact that the second permittee was not using the car for any purpose of the original permittee and upon that basis found no coverage under the omnibus clause.

Farmers Union has cited cases from other jurisdictions to support its position. We are here concerned with North Dakota law. Little purpose would be served in discussing the conflicting cases from other jurisdictions. Many cases are cited and discussed in the annotation at 160 A.L.R. 1195.

7 Am.Jur.2d, Automobile Insurance § 117, states:

"The 'general rule' that a permittee may not allow a third party to 'use' the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is 'operating' the car for the 'use' of the first permittee and

that such 'use' is within the coverage of the omnibus clause. * * *"

North Dakota law, as reflected by the Persellin case, appears to be in full accord with the rule just stated.

The application of the law to the facts of this case compels an affirmance. Mr. Tande, a widower 82 years of age, lived alone in an apartment at Aneta, North Dakota. At the time of the involved accident, he was visiting a daughter in Chicago. The trial court found that Mr. Tande left the insured automobile with his daughter, Luella Burros of Aneta, North Dakota, and that "Mrs. Burros had permission to drive and operate the Cadillac sedan during his absence, and that Mr. Tande, prior to his leaving for Chicago had given no specific instruction with respect to the use of the car during the time it was in the possession of Mrs. Burros." Such finding is supported by substantial evidence. Mrs. Burros is named as an additional driver in the application for insurance. She frequently used the Cadillac with her father's knowledge and consent. Farmers Union does not specifically challenge the finding that Mrs. Burros had permission to operate and use Mr. Tande's Cadillac.

The trial court made findings with respect to the use of the insured car at the time of the accident as follows:

"6. Found that on the 12th day of May, 1961, Mrs. Burros agreed to take a certain Mrs. Inga Lukins to Northwood for the purpose of visiting Mrs. Lukins' daughter who was hospitalized there. Mrs. Lukins was an old family friend, she had no automobile of her own; that for a number of years Mrs. Burros had from time to time provided Mrs. Lukins with transportation.

"7. Found that on the 13th day of May, 1961, Mrs. Burros was unable to drive Mrs. Lukins to Northwood by reason of some other commitments, and asked her daughter, Mrs. Lola Sandbeck, to drive Mrs. Lukins to Northwood, and turned the 1949 Cadillac Sedan over to Mrs. Sandbeck for that purpose. Mrs. Sandbeck drove Mrs. Lukins to Northwood, and enroute was involved in an accident in which Mrs. Lukins was injured.

*    *    *    *    *    *

"10. Found that Lola Sandbeck was a person insured under the policy issued by the plaintiff National Farmers Union Property & Casualty Company, and is entitled to the benefits of the insurance contract issued by the plaintiff National Farmers Union Property & Casualty Company as a 'Person Insured'."

■■ Farmers Union has failed to show said findings to be erroneous. They are supported by substantial evidence. Mrs. Sandbeck testified that she drove Mrs. Lukins to Northwood in the Cadillac at the direction and request of her mother, Mrs. Burros, and that the trip was not made for any purpose of her own. Such testimony is confirmed by Mrs. Burros. Upon the basis of the findings made, the court was fully justified in determining that the Cadillac at the time of the accident was being used for the benefit of Mrs. Burros, the first permittee, and that under North Dakota law Mrs. Sandbeck was covered by the omnibus clause of the Farmers Union policy.

Farmers Union in its brief makes a summary statement that the court erred in overruling its post-trial motion to take additional testimony and for a new trial. Farmers Union has failed in its brief to demonstrate that the court committed any error or abused its discretion in overruling such motion.

The judgment appealed from is affirmed.