Agnes MANOCK and Louise Manock, by her
Guardian ad Litem, Agnes Manock,
Plaintiffs and Respondents,

v.

Dennis DONLEY, by his Guardian ad Litem,
Ralph Donley, Defendant,

and

Aetna Casualty & Surety Company,
Garnishee and Appellant.

No. 8203.

Supreme Court of North Dakota.

Jan. 7, 1966.

Lewis & Bullis, Wahpeton, for plaintiffs and respondents.

Nilles, Oehlert & Nilles, Fargo, for garnishee and appellant.

STRUTZ, Judge.

The defendant is the minor son of Ralph Donley. At the time of the accident involved in this action, Ralph Donley owned a 1953 Dodge automobile which was insured with the appellant company under a policy which provided liability coverage for a non-owned vehicle driven by any relative of the insured "provided the actual use thereof is with the permission of the owner."

On the evening in question, while the above policy was in full force and effect, the defendant was on a party with certain other young people. One of the group, Robert Ehlert, was driving his father's 1954 Chevrolet with his father's permission. This vehicle was uninsured. The father of Robert Ehlert had specifically advised his son never to permit anyone else to drive the car.

During the evening, the party ended up at the defendant's parental home, but the parents were not present. The young people drank beer and otherwise spent the evening. After a while, Robert Ehlert fell asleep on the davenport. The testimony is conflicting as to whether he became intoxicated or whether he was just sleeping. At any rate, at about 3:30 a. m., the defendant wanted to take the plaintiff home, a distance

of about three miles. He testified that he asked Robert Ehlert if he could take his father's car but that Robert was asleep and did not hear him. It is undisputed that the defendant did not receive affirmative consent to use the car. He discovered, however, that he did not need the key to drive the Ehlert car and that it could be started without the use of a key. He started to take the plaintiff home, but after driving a few blocks he hit a parked car, causing bodily injury to the plaintiff.

The issue of liability of the defendant and the issue of whether the defendant, at the time of the accident, was operating the Ehlert vehicle with permission of the owner, so as to bring such operation within the provision of the insurance policy issued by the garnishee to the father of the defendant for coverage of a non-owned vehicle driven by a relative, were submitted to a jury. The jury found for the plaintiff on both of these issues, and the garnishee appeals to this court from the judgment entered on the verdict of the jury.

The sole question for us to determine on this appeal is whether the operation of the Ehlert vehicle by the defendant, Dennis Donley, at the time in question, was covered by the policy of insurance issued by the appellant to the father of the defendant. This policy admittedly was in full force and effect on the date of the accident in which the plaintiff was injured. The policy provided that certain persons were insured thereunder. Under the section setting forth the persons insured, it reads:

"(b) With respect to a non-owned automobile,

"(1) the named insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer,
"provided the actual use thereof is with the permission of the owner."

The Ehlert vehicle was a "non-owned automobile" under the Donley policy. The defendant was a relative of the insured. The question to be determined, therefore, is whether the use of the Ehlert automobile was with the permission, actual or implied, of the owner.

This court has held that, where a person uses an insured automobile with the owner's consent, and such person turns over the manual operation of the vehicle to one of his guests, but remains in the automobile with full power of control over its use, he continues to be the person using the automobile. Persellin v. State Automobile Ins. Ass'n, 75 N.D. 716, 32 N.W.2d 644.

In the case before us, Robert Ehlert was the person using the Ehlert automobile with the owner's permission. By no stretch of the imagination, however, can it be contended that the defendant, Dennis Donley, was operating the Ehlert vehicle "with the permission of the owner." The record clearly discloses that Robert Ehlert, the person having the owner's permission to use the vehicle, was not present in the car at the time of the accident; that Robert did not even know that the defendant Dennis had taken the car.

Under the evidence in this case, the use of the Ehlert car was clearly without the permission of the owner and the verdict of the jury was clearly against the evidence and against the law. See Kadrmas v. Mudna (N.D.), 107 N.W.2d 346.

For reasons stated herein, the judgment of the district court must be reversed.

ERICKSTAD and TEIGEN, JJ., concur.

BURKE, C. J., did not participate.

KNUDSON, J., not being a member of the Court at the time of submission of this case, did not participate.