The WESTERN CASUALTY AND SURETY COMPANY, a Foreign Corporation, Plaintiff,

v.

Harley J. CRAWFORD, a/k/a Hal Crawford; Randall R. Myers, a/k/a Randall Myers; Theodore R. Myers, John W. Crawford, Dodge Towne, Inc., a corporation, and National Farmers Union Property and Casualty Company, a foreign corporation, Defendants.

No. A78–2009.

United States District Court, D. North Dakota, Northeastern Division.

Dec. 6, 1979.

Patrick J. Maddock, Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, N. D., for plaintiff.

Mart R. Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, N. D., for Nat. Farmers Union Property & Cas. Co.

F. John Marshall, Letnes, Marshall & Hunter, Grand Forks, N. D., for Dodge Towne, Inc. and John W. Crawford.

## ORDER

BENSON, Chief Judge.

Plaintiff in the above entitled diversity action seeks a declaratory judgment under 28 U.S.C. § 2201 construing the provisions of an insurance policy issued by plaintiff to defendant Theodore R. Myers. The case has been submitted to the court on a stipulation of facts.

Plaintiff issued a policy of automobile liability insurance, No. H 600 76 07, to defendant Theodore R. Myers on a 1966 Chevrolet two-door automobile, effective from September 5, 1975 through September 5, 1976. The operative language of the policy provides that plaintiff shall

pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. bodily injury;

B. property damage;

arising out of the ownership, maintenance or use of the automobile, and the Western [plaintiff] shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; . . .

The word "insured" is defined as follows in the policy:

> With respect to the insurance under coverages A and B [the above quoted policy provisions], the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or spouse or with the permission of either.

In 1976 Randall Myers was a member of the household of Theodore R. Myers and had the consent and permission of Theodore R. Myers to operate the 1966 Chevrolet automobile.

Defendant Dodge Towne, Inc. was a North Dakota corporation in 1976 and had its principal place of business in Devils Lake, North Dakota. Dodge Towne, Inc. was in the business of selling new and used motor vehicles and repairing and servicing motor vehicles. Defendant John W. Crawford was the principal stockholder of Dodge Towne, Inc. and was the manager of its principal place of business in Devils Lake.

Defendant Harley J. Crawford is the son of John W. Crawford. He was a member of the household of John W. Crawford in July 1976 and was also an employee of Dodge Towne, Inc. Harley had the permission of his father to use the facilities of Dodge Towne, Inc. after regular business hours and for his own personal purposes.

On July 23, 1976, Randall Myers took the 1966 Chevrolet automobile and Harley J. Crawford took a 1973 Dodge Charger automobile to the premises of Dodge Towne, Inc., outside regular business hours, to perform certain mechanical work on the automobiles. While on the premises of Dodge Towne, Inc., Randall Myers was allegedly injured. Randall's injury is the subject of an action filed in Ramsey County District Court, Second Judicial District, wherein Randall seeks to recover damages from Harley J. Crawford. The pertinent parts of the amended complaint in the state court action are as follows:

III.

That at all times hereinafter mentioned, defendant Hal [Harley J.] Crawford, knew or should have known that parts of the premises of Dodge Towne, Inc., and certain of the tools and equipment therein were dangerous and unsafe.

IV.

That on or about the 23rd day of July, 1976, the defendant Hal Crawford, who had access to the premises during evening hours and after the close of usual business hours, invited the plaintiff, Randall Myers to Dodge Towne, Inc., for the purpose of repairing or mechanically altering an automobile owned by the defendant, Hal Crawford, and for the purpose of gratuitously repairing or mechanically altering plaintiff's automobile.

V.

That plaintiff's vehicle was placed on a hydraulic hoist, and lifted above the floor and that defendant, Hal Crawford, procured and improperly positioned two metal stands under the rear of the frame of said vehicle.

VI.

That at all times, such use of said metal stands was dangerous and was known or should have been known by defendant to be dangerous and that unknown to plaintiff, defendant, Hal Crawford, had negligently, carelessly and recklessly positioned the hoist and metal stands beneath plaintiff's vehicle and thereafter defendant, Hal Crawford, negligently operated said hoist in lifting plaintiff's vehicle off the floor.

VII.

That as a direct and proximate result of defendant's negligence, carelessness and wanton disregard for the safety of the plaintiff, Randall Myers, plaintiff's

vehicle was caused to fall off the hoist and metal stands and onto plaintiff's body and permanently injuring plaintiff and trapping him.

## VIII.

In the alternative, that at all times, said hoist and stands were under the exclusive management and control of defendant; that the accident in which plaintiff was so grievously injured was not one which in the ordinary course of events happens; that if the defendant had used the care required by the law toward plaintiff, the accident, together with the resulting damages would not have occurred and that circumstances afford sufficient evidence in the absence of explanation that the accident arose from want of care on the part of defendant.

## IX.

That as a direct and proximate result of defendant's negligence, carelessness and wanton disregard for the safety of the plaintiff, and as a result of the crushing impact of the automobile onto plaintiff's body, plaintiff suffered grievous bodily injuries to his person and in particular permanent and painful injuries to his spine, causing plaintiff to suffer excruciating pain which will continue for the rest of plaintiff's life.

Plaintiff in this action contends that Harley J. Crawford was not an insured under the automobile liability insurance policy issued by it to Theodore R. Myers and further that the claim of Randall Myers does not arise out of the ownership, maintenance or use of the automobile. It contends that the policy does not require it to defend Harley J. Crawford in the action pending against Crawford in state court or to pay any judgment entered against Crawford in that action. Defendants contend that Harley J. Crawford is an insured under the policy issued by plaintiff and that the accident arose out of the use or maintenance of the automobile covered by the policy, and that plaintiff is required to defend Crawford and pay any judgment entered against him.[1]

An insurance carrier is under no duty to defend a party pursuant to a liability insurance policy unless it would be bound to indemnify the injured in the event that the injured person prevailed upon the allegations of his complaint. *Kyllo v. Northland Chemical Co.*, 209 N.W.2d 629, 634 (N.D. 1973). Thus the determination of whether there is coverage under the policy in question will dispose of the questions of plaintiff's duty to defend and duty to indemnify.

■ Because Crawford is not a named insured, he must have been using the 1966 Chevrolet automobile with the permission of the named insured to be afforded coverage as an insured. The named insured, Theodore R. Myers, had given his son, Randall, permission to operate the automobile. He did not give permission to Crawford to operate the automobile. A permittee, however, may allow a third party to use the named insured's automobile without precluding recovery under the "omnibus clause"[2] where (1) the original permittee is

---

1. Defendant National Farmers Union Property and Casualty Company issued a homeowner's insurance policy, No. 32–009397, to John W. Crawford and/or Finella J. Crawford, which was in effect on July 23, 1976. The coverage, if any, provided to Harley J. Crawford by the National Farmers Union policy is not before the court. In its complaint, plaintiff seeks a declaratory judgment regarding the coverage of its policy and no other. Defendants Theodore R. and Randall Myers in their joint answer seek a declaratory judgment construing the provisions of the National Farmers Union Policy. The Myers' prayer for relief is, in effect, an attempt to assert a counterclaim or cross-claim. As

such, it is not properly before the court, for it cannot properly be asserted as a counterclaim or cross-claim under F.R.Civ.P. 13. The "transaction or occurrence" that is the subject matter of plaintiff's claim is the coverage afforded by the automobile liability policy issued by plaintiff. The fact of coverage under the policy issued by plaintiff is not affected by any coverage afforded by the National Farmers Union policy.

2. An "omnibus clause" is that provision of the insurance contract that categorizes persons acting with the permission of the named insured or insureds. Omnibus clauses are re-

riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. Where the above situations exist, the second permittee is deemed to be operating the automobile for the use of the first permittee and such use is within the coverage of the omnibus clause. *National Farmers Union Property & Cas. Co. v. Lukins,* 329 F.2d 564, 565–66 (8th Cir. 1964). *See also American Motorists Ins. Co. v. Samson,* 596 F.2d 804, 808 (8th Cir. 1979).

Randall Myers had permission to "operate" the 1966 Chevrolet automobile. Although some courts have distinguished between "operation" and "use," and have defined operation more narrowly than use, *e. g., Samuels v. American Automobile Ins. Co.,* 150 F.2d 221, 223 (10th Cir. 1945), for purposes of this action the court will deem the words "operate" and "use" to be synonymous.

Randall would have been an insured under the omnibus clause only when operating the 1966 Chevrolet automobile. If a suit had been brought against Randall that arose out of conduct on his part that did not constitute operation or use of the automobile, he would not have been an insured, for a permittee must be using the automobile for a permitted purpose to be afforded coverage by the omnibus clause. *Persellin v. State Automobile Ins. Ass'n,* 75 N.D. 716, 32 N.W.2d 644, 647 (1948). Likewise, a third party, to be afforded coverage under the omnibus clause, must be serving a purpose of the original permittee that is within the scope of permission given the permittee by the named insured. *Id.; Lukins, supra.*

■ In this case, Randall had permission to operate or use the automobile. Crawford therefore must have been operating or using the automobile while serving a purpose

of Randall to be afforded coverage which must also be within the scope of the permission of the named insured. It is apparent, however, that Crawford was not using or operating the automobile on July 23, 1976, when the accident in question occurred.

Randall and Crawford were performing "certain mechanical work" on the automobile when Randall was injured. They were thus engaged in maintenance activities and maintenance of an automobile does not come within the policy definition of "insured." "Maintenance" is synonymous with "repair." *Williams v. Nationwide Mut. Ins. Co.,* 269 N.C. 235, 152 S.E.2d 102, 106 (1967). The repair of an automobile does not constitute use or operation. *Yandle v. Hardware Mut. Ins. Co.,* 314 F.2d 435, 437 (9th Cir. 1963); *Commercial Standard Ins. Co. v. Bacon,* 154 F.2d 360, 364 (10th Cir. 1946); *Graf v. Bloechl,* 36 Wis.2d 635, 154 N.W.2d 340, 343 (1967); *Frye v. Angst,* 28 Wis.2d 575, 137 N.W.2d 430, 434 (1965); *Gullickson v. Western Cas. & Sur. Co.,* 17 Wis.2d 220, 116 N.W.2d 121, 124 (1962). Although there is no North Dakota case directly on point, the result reached here is consistent with the definition of "use" given by the North Dakota Supreme Court:

> "[U]se", to result in liability on the part of the insurance carrier, must be such use as arises out of the inherent nature of the automobile.

*Norgaard v. Nodak Mutual Ins. Co.,* 201 N.W.2d 871, 874 (N.D.1972). Although not explicitly discussed by the court in *Norgaard,* an accident arising out of the inherent nature of the automobile is apparently one that arises out of the use of the automobile for a transportation purpose.[3] *See Commercial Standard Ins. Co. v. Bacon,* 154 F.2d 360 (10th Cir. 1946), where the court held that operation or use of a motor vehi-

---

quired by statute to be inserted in every automobile liability policy. N.D.Cent.Code § 39–16.1–11; *Hughes v. State Farm Mut. Automobile Ins. Co.,* 236 N.W.2d 870, 884 (N.D.1975).

**3.** The North Dakota Supreme Court has qualified the holding in *Norgaard* to some extent by its decision in *Weber v. State Farm Mut. Automobile Ins. Co.,* 284 N.W.2d 299 (N.D.1979).

*Weber* deals with the extent of insurance policy coverage under North Dakota's no-fault insurance law, N.C.Cent.Code Ch. 26–41, and does not alter the definition of "use" in *Norgaard* or affect the coverage provided pursuant to North Dakota's omnibus statute, N.D.Cent.Code § 39–16.1–11.

cle contemplates operation or use upon the highway, and does not include repairs on the vehicle performed in a garage.

Defendant National Farmers Union Property and Casualty Company has cited several cases from other jurisdictions that allegedly equate "use" with "maintenance." *See Hopkins v. Liberty Mut. Ins. Co.,* 156 N.J.Super. 72, 383 A.2d 458 (1978); *Liberty Mut. Ins. Co. v. O'Rourke,* 122 N.J.Super. 68, 298 A.2d 725 (1973); *Unsatisfied Claim and Judgment Fund Bd. v. Clifton,* 117 N.J. Super. 5, 283 A.2d 350 (1971); *Williams v. Nationwide Mut. Ins. Co.,* 269 N.C. 235, 152 S.E.2d 102 (1967). To the extent that those cases do equate use with maintenance they do not reflect the law in North Dakota, and this court declines to follow the results reached therein. The inherent use of an automobile is its operation in the providing of transportation, not its repair in a garage. *Norgaard v. Nodak Mut. Ins. Co.,* 201 N.W.2d 871 (N.D.1972). *See also Graf v. Bloechl; Frye v. Angst; Gullickson v. Western Cas. & Sur. Co., supra.*

The parties stipulated that Theodore R. Myers gave his son, Randall Myers, permission to "operate" the automobile. The court holds that maintenance and repair is not encompassed within operation and is not a use that extended coverage to Harley J. Crawford under the terms of the policy or the state omnibus statute.

IT IS ORDERED that judgment be entered declaring that defendant Harley J. Crawford was not an insured under the bodily injury liability and property damage liability provisions of the Western Casualty and Surety Company Policy No. H 600 76 07, and the policy did not provide liability coverage to defendant Harley J. Crawford for the claim of Randall R. Myers, or other claims, arising out of the July 23, 1976 accident which is the subject of a civil action pending in Ramsey County District Court, State of North Dakota.