The WESTERN CASUALTY AND SURETY COMPANY, a foreign corporation, Appellee,

v.

Harley J. CRAWFORD, a/k/a Hal Crawford; Randall R. Myers, a/k/a Randall Myers; Theodore R. Myers; John W. Crawford; Dodge Towne, Inc., a corporation, Appellees,

National Farmers Union Property and Casualty Company, a foreign corporation, Appellant.

The WESTERN CASUALTY AND SURETY COMPANY, a foreign corporation, Appellee,

v.

Harley J. CRAWFORD, a/k/a Hal Crawford, Appellee,

Randall R. Myers, a/k/a Randall Myers, Appellant,

Theodore R. Myers; John W. Crawford; Dodge Towne, Inc., a corporation, Appellees,

National Farmers Union Property and Casualty Company, a foreign corporation, Appellee.

Nos. 80–1014, 80–1037.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1980.

Decided Nov. 13, 1980.

Mart R. Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N. D., for Nat. Farmers Union Property and Cas. Co.

Evan F. Heustis, Haugland & Heustis, Devils Lake, N. D., for Randall R. Myers, a/k/a Randall Myers.

Patrick J. Maddock, Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Ltd., Grand Forks, N. D., argued, for The Western Cas. & Sur. Co.

Before LAY, Chief Judge, and HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Defendants Randall R. Myers and National Farmers Union Property and Casualty Company appeal from a declaratory judgment rendered against them by the United States District Court for the District of North Dakota. The district court held that the automobile liability policy issued by plaintiff, Western Casualty and Surety Company, to Theodore R. Myers, Randall's father, does not provide coverage for injuries sustained by Randall in a July 23, 1976, accident. We affirm.

Western Casualty and Surety Company issued an automobile liability policy, effective from September 5, 1975, through September 5, 1976, insuring a 1966 Chevrolet owned by defendant Theodore R. Myers. Under the policy, the Company is obligated to pay when the *insured* becomes liable for bodily injury or property damage arising out of the ownership, maintenance or use of the automobile. The word "insured" is defined in the omnibus clause of the policy:

> [T]he unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse and also includes *any person while using the automobile* and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or spouse or with the permission of either. [Emphasis added.]

On July 23, 1976, Randall Myers took the insured automobile to the premises of Dodge Towne, Inc., a commercial garage located in Devils Lake, North Dakota, to perform certain mechanical work on it with the help of Harley J. Crawford. Harley

Crawford is the son of John Crawford, owner of Dodge Towne. Harley was an employee of Dodge Towne, and had his father's permission to use the facilities of the garage for his personal purposes. Myers was allegedly injured while he and Crawford were repairing the insured vehicle. Myers brought suit against Crawford in state court, alleging *inter alia*:

### III.

That * * * defendant * * * Crawford, knew or should have known that parts of the premises of Dodge Towne, Inc., and certain of the tools and equipment therein were dangerous and unsafe.

### IV.

That on * * * the 23rd day of July, 1976, * * * Crawford, who had access to the premises during evening hours and after the close of usual business hours, invited * * * Randall Myers to Dodge Towne, Inc., for the purpose of repairing or mechanically altering an automobile owned by the defendant, Hal Crawford, and for the purpose of gratuitously repairing or mechanically altering plaintiff's automobile.

### V.

That plaintiff's vehicle was placed on a hydraulic hoist, and lifted above the floor and that * * * Crawford * * * improperly positioned two metal stands under the rear of the frame of said vehicle.

### VI.

That at all times, such use of said metal stands was dangerous and was known or should have been known by defendant to be dangerous and that unknown to plaintiff * * * Crawford had negligently, carelessly and recklessly positioned the hoist and metal stands beneath plaintiff's vehicle and thereafter * * * Crawford, negligently operated said hoist in lifting plaintiff's vehicle off the floor.

### VII.

That as a direct and proximate result of defendant's negligence, * * * plaintiff's vehicle was caused to fall off the hoist and metal stands onto plaintiff's body and permanently injuring plaintiff and trapping him.

Western Casualty and Surety Company subsequently filed this diversity suit in federal court, seeking a determination that it was not obligated to defend Harley Crawford in the state court action or to pay any judgment entered against him. The case was tried to the court on stipulated facts; the Myer's state court complaint was a part of the stipulation. Judgment was entered for Western Casualty.

The issue before us on appeal is whether the district court correctly decided that Harley Crawford was not "using" the automobile with the permission of the named insured and was, therefore, not an "insured" under Western Casualty's policy.[1] The district court concluded that at the time of the accident, Harley J. Crawford was "maintaining" or "repairing" the insured vehicle. It held, in accord with a line of cases from foreign jurisdictions, that such activities do not constitute "use" of the vehicle. *See Yandle v. Hardware Mut. Ins. Co.,* 314 F.2d 435, 437 (9th Cir. 1963); *Commercial Standard Ins. Co. v. Bacon,* 154 F.2d 360, 364 (10th Cir. 1946); *Graf v. Bloechl,* 36 Wis.2d 635, 154 N.W.2d 340, 343 (1967); *Frye v. Angst,* 28 Wis.2d 575, 137 N.W.2d 430, 434 (1965); *Gullickson v. Western Cas. & Sur. Co.,* 17 Wis.2d 220, 116 N.W.2d 121, 124 (1962). The court acknowledged that there was no North Dakota law

1. The parties have stipulated that defendant Randall Myers had the permission of Theodore Myers to operate the insured vehicle and, therefore, is an insured under the policy. Randall Myers, as permittee, could allow a third party to use the named insured's automobile without precluding coverage under the omnibus clause if the second permittee (here, Harley Crawford), in using the vehicle, was serving some purpose of the original permittee. *See American Motorists Ins. Co. v. Samson,* 596 F.2d 804, 808 (8th Cir. 1979); *National Farmers Union Property & Cas. Co. v. Lukins,* 329 F.2d 564, 565–566 (8th Cir. 1964).

directly on point, but considered its result consistent with the North Dakota Supreme Court's definition of "use:"

> "[U]se," to result in liability on the part of the insurance carrier, must be such use as arises out of the inherent nature of the automobile.

*Norgaard v. Nodak Mutual Ins. Co.*, 201 N.W.2d 871, 874 (N.D.1972). The district court determined that the inherent use of an automobile is its operation in the providing of transportation, not its repair in a garage.

We believe that our decision should be no broader than necessary to decide the case before us. Thus, we do not consider it necessary to limit the term "use" to the actual operation of a vehicle in the providing of transportation. As we have noted, the term "use," when used in an omnibus clause such as the one involved in this case, is a word of broad import. The courts have properly refused to read "use" in any narrow sense such as "mechanical operation" or "while driving," but have accorded the term "flexible and unabsolute content as occasion has arisen to evaluate [it] in the light of the circumstances of varying factual situations." *Liberty Mutual Ins. Co. v. Steenberg Construction Co.*, 225 F.2d 294, 297 (8th Cir. 1955). It is sufficient for purposes of this appeal to hold that, under the factual circumstances alleged in the Myers' complaint, the North Dakota court would find that Harley Crawford was not "using" the insured vehicle.

According to the allegations of Myers' complaint, the accident that caused his injuries occurred while the insured vehicle was in a commercial garage for repairs. Although Crawford's assistance in the repair work was gratuitous, he was an employee of the garage and had his father's permission to use the facilities at all times. The car had come to rest on the hoist and metal stands. The motor was not engaged and no one was behind the wheel of the vehicle. The negligence alleged did not relate to work actually done to the vehicle itself, but rather involved the use of the garage equipment. Under these circumstances, the district court correctly concluded that Harley Crawford was not "using" the Myers' vehicle at the time of the accident and, therefore, is not an "insured" entitled to coverage under the policy issued to Theodore Myers.

The cases cited by the appellants do not persuade us to the contrary.[2] In *Unsatisfied Claim and Judgment Board v. Clifton*, 117 N.J.Super. 5, 283 A.2d 350 (1971), the court did not reach the question of whether the permittee was "using" the insured vehicle at the time of the accident.[3] Further, the negligent activity alleged in *Clifton* could more reasonably be considered "use" of the insured vehicle. The accident in *Clifton* apparently occurred while the vehicle, which had been left at a service station for repairs, was being guided to a hydraulic lift. It had not come to rest and the repair work was not in progress.

*Liberty Mutual Ins. Co. v. O'Rourke*, 122 N.J.Super. 68, 298 A.2d 725 (1973), is also factually distinct. In that case, the insured vehicle stalled as the insured's spouse was driving home. Two residents of the neighborhood attempted to restart the vehicle by priming the carburetor. An explosion occurred, injuring the insured's son. The court held that the attempt to restart the engine was a "use" of the automobile within the meaning of the standard omnibus clause. That holding is not inconsistent with our present ruling. In this case, the repairs were not made in order to resume an interrupted journey. We express no

---

**2.** Much of the case law cited by the parties construes the phrase "arising out of the ownership, maintenance or use of the automobile." This phrase describes the accidents for which coverage would be afforded *an insured* under the policy. Since we hold that Crawford was not an insured of Western Casualty, we do not reach the question of whether Myers' injuries "arose out of" a covered activity.

**3.** The court held that an exclusionary clause denying coverage to a permittee using a vehicle "while employed or otherwise engaged in the automobile business" was an invalid attempt to limit the insured's protection.

view as to whether repair work clearly incident to continued travel would be "use" of an insured vehicle.

To the extent that these and other cases cited by the appellant indicate that any repair of a vehicle constitutes "use" of the vehicle, we feel that the results reached would not be followed by the North Dakota court. We note that since this is a diversity case, governed by North Dakota law, the opinions of an experienced local district judge with respect to that law are entitled to great weight. *American Motorists Ins. Co. v. Samson*, 596 F.2d 804, 807 (8th Cir. 1979). The judgment for Western Casualty is affirmed.